W. R. HUNEYCUTT et al v. W. R. BROOKS et al.

*Proceedings for Partition—Denial of Title—Plea of Sole Seizin—Evidence—Statute of Limitations.*

1. Where, in a proceeding for partition the plaintiff claims to be tenant in common with plaintiff and the defendant denies plaintiff's title and alleges sole seizin in himself, the proceeding becomes in effect an action of ejectment and the burden of proof is on the plaintiff to establish his title.

2. Plaintiffs, in an action for partition in which defendant denied plaintiff's title and alleged sole seizin in themselves, claimed under the will of their father devising the land to his widow during her widowhood and then to plaintiffs. It was shown that the widow had died without marrying again, but there was no evidence that either she or the plaintiffs had held possession of the land within 35 or 40 years prior to the action. *Held*, that the evidence did not establish plaintiff's title and they were not entitled to recover.

3. The statute of limitations does not begin to run against remaindermen until the expiration of the particular estate.

This was a SPECIAL PROCEEDING for partition of land, commenced before the Clerk of the Superior Court of Stanly County, and issues of law and fact being raised upon the pleadings, the same, with all the proceedings therein, were transferred by the Clerk to the civil issue docket for trial at a regular Term of the Superior Court of said county.

At Spring Term, 1894, of STANLY County Superior Court, said case was tried before *Boykin, Judge,* and a jury.

The plaintiffs filed a petition alleging that they and the defendants were seized in fee simple as tenants in common of 300 acres of land described in the petition, known as the David Brooks land, and asked that the same be divided by metes and bounds according to their respective shares.

The defendants, in answer, deny the allegations of plaintiffs and that plaintiffs are tenants in common with

defendants. And, as a further defence, the defendant Emeline Brooks, widow of Archibald Ledbetter, deceased, who left him surviving by said Emeline two children, Ida and Minnie, as the only heirs-at-law of said Archibald, pleads sole seizin in herself and said heirs-at-law of the sixty-four and a-half acres of the land described in the petition.

The answer further averred that said widow had not had her dower assigned in said land, to-wit, sixty-four and a-half acres, and plead the twenty-year statute of limitation as a bar to said action.

The only issue tried was as to the sole seizin of the sixty-four and a-half acres mentioned in the answer.

At the beginning of the trial, after the pleadings were read, his Honor ruled, over defendants' objection, that as certain of the defendants plead sole seizin the burden shifted to them and that the issue was, "Are the defendants sole seized of the sixty-four acres mentioned in the answer?" and directed defendants to open and make out their case, to which ruling defendants excepted and tendered issues placing the burden on plaintiffs to show title in themselves, the plaintiffs.

The defendants thereupon, following the instructions of the Court, introduced evidence as follows, to-wit:

A deed from Alfred and Temperance Ledbetter to Archibald Ledbetter, dated 17 March, 1869, for 103 acres of land, consideration $150, conveying same in fee.

Also a deed from Daniel Freeman to A. Ledbetter, dated 4th January, 1850, same in fee.

Also a deed from the Thornton Land Company to Daniel Freeman, dated 3d March, 1847, same in fee.

The defendants inrtoduced evidence that each of the above named deeds embraced in their boundaries respectively the sixty-four and a-half acres claimed in answer.

The defendant Emeline Brooks testified that she was now

the wife of the defendant W. R. Brooks; that prior to her marriage with the said Brooks, she was the wife of Archibald Ledbetter, deceased, who was the son of Alfred and Temperance Ledbetter; that she had by said Ledbetter still surviving two children, Ida and Minnie; that Ida married John Brooks and Minnie married J. F. Green; that she and her husband, then Ledbetter, lived on the sixty-four and a half acres about twenty-five years; that she claims dower in said land, but same had not been assigned to her.

The defendants' witness, Calvin Ledbetter, testified that he was forty-four years of age and the son of A. Ledbetter, and brother of Emeline Brooks' deceased husband, Archibald Ledbetter; that he was born and raised upon this land; had known it from childhood; that there were old and marked lines around it, and a great portion of same was in cultivation; that his father and those under whom he claimed had been in possession ever since he could remember; that David Brooks' widow, Polly, died ten or fifteen years ago.

W. R. Brooks testified that the sixty-four and a half acres mentioned in answer was a part of the " 300-acre tract" mentioned in petition. That Alfred Ledbetter had been in possession twenty-four or twenty-five years before Archibald Ledbetter came into possession, and that Emeline and her children had been in possession of it about twenty-four years; that Archibald Ledbetter died twelve or fifteen years ago, and he married his widow, the said Emeline, and that he, the said W. R. Brooks and wife, are now in possession of said land.

The plaintiffs, thereupon, introduced the last will and testament of one David Brooks, deceased, probated in the month of August in year 1842, which, among other things, purports to devise " all of his lands " " to his wife Polly " as long as she keeps his name, and if she married then to

come in for an equal part with all his children, and after paying his just debts, if his executor sees there is more property than will answer his family, to sell the same and make an equal division of it with his wife and children."

The plaintiffs introduced evidence in proof that Polly Brooks, widow of David Brooks, died in the year 1882 or 1883 ; that the said widow never married again ; that the said witness, Teeter, testified that his wife was the grand-daughter of the said David Brooks, and the wife of W. R. Huneycutt was a daughter of the said David Brooks, and in short, that the other plaintiffs named in the petition and the defendant W. R. Brooks were the heirs-at-law of the testator, the said David Brooks. That W. R. Brooks was a son of the said David Brooks.

The witness for plaintiff, John Teeter, also testfied that the widow Polly Brooks had not been living on said land during his recollection ; that he was in his thirty-seventh year ; that she was not living on same at her death, and that none of her children had lived on it during his recollection.

The defendants' witness, John Brooks, testified that W. R. Huneycutt married Lydia, a daughter of David Brooks, and D. W. Huneycutt married Jinsey, also a daughter of David Brooks, the former about forty and the latter about thirty years ago.

The Court instructed the jury that if they believed the defendant W. R. Brooks, the sixty-four and a half-acre tract was included in the 300-acre tract described in the petition, and that if they believed the evidence in the case they would answer the issue in favor of the plaintiffs, and the issue was so found by the jury, and judgment accordingly.

The defendants moved for a new trial upon grounds hereinafter assigned. Motion denied, and defendants appealed, assigning as errors, to-wit :

1st. That His Honor erred in holding that the will of David Brooks conveyed a life estate in the sixty-four and a half-acre tract, and that the statute of limitations did not run until Polly Brooks' death.

2nd. In not requiring plaintiffs to show title in David Brooks other than his will.

3rd. By ruling the burden to be on the defendants because of the plea of sole seizin, and to first make out their *prima facie* case.

4th. For instructions given the jury, if they believed the evidence in case they should find for the plaintiffs.

5th. For failure to hold that plaintiff's cause of action was not barred by the statute of limitations.

*Mr. J. Milton Brown*, for defendants (appellants).
No counsel, *contra*.

FURCHES, J.:   This is a proceeding commenced in the Superior Court of Stanly County before the clerk for partition of the lands mentioned in the complaint. Plaintiffs allege that they are tenants in common with defendants in said lands. The defendants answer and deny that plaintiffs are the owners of the lands mentioned in their complaint, and plead " *non tenent insimul* " (sole seizin in themselves); which is the " general issue " in a proceeding for partition. *Purvis* v. *Wilson*, 5 Jones, 22. This makes the issue where the plaintiff claims to be the owner of land and the defendant denies that he is the owner. In effect it becomes an action of ejectment and the defendant is required to give bond for cost and damage before he can answer as in an action of ejectment under Section 237 of *The Code*. *Cooper* v. *Warlick*, 109 N. C., 672; *Vaughan* v. *Vincent*, 88 N. C., 116.

This being so the burden of proof is on the plaintiff, the test being this: suppose no evidence should be introduced,

who would be entitled to recover? 1 Greenleaf on Ev. (14th Ed.) pp. 104, 105 and note B; *Clapp* v. *Brougham*, 9 Cowen N. Y., 530; 17 Am. & Eng. Enc., 747; Bailey's Onus probandi, 113; R——— on Evidence, vol. 1, p. 115; Abbott's Trial Ev., 723. Then suppose no evidence had been introduced in this case, plaintiffs alleging seizin in themselves and defendants denying it, and nothing appearing in the pleadings to estop defendants (as claiming under or through the same person) from denying plaintiff's title, who would have been entitled to recover? The simple statement of this proposition, it seems to us, shows that defendant would be entitled to an instruction from the Court to the jury, directing them to return a verdict for defendants. And we are of the opinion that the Court erred when it held that the burden was on defendants. If defendants had declined to introduce evidence and the Court had instructed the jury to return a verdict for plaintiff— which the Court would have done if it had followed the logic of its position that the burden was on the defendants— defendants would have been entitled to a new trial.

But defendants plea of sole seizin did not only throw the burden upon plaintiffs to open the case, but also to prove their title, as in ejectment. The plaintiffs had to recover, if at all, upon the strength of their own title. It was not necessary that defendants should do anything until plaintiffs did this. After defendants had offered three deeds running back to 1845 and a long continued possession, which we do not deem it necessary to discuss in this appeal, the plaintiffs did introduce evidence, but in our opinion it fell far short of making out their case.

They first introduced the will of David Brooks probated at August Term, 1842, which was in substance to his widow Polly Brooks, during her widowhood and then to his children. And it was shown that Polly Brooks never married

again and died in 1882 or 1883. But it was not shown that Polly Brooks or any of the plaintiffs had been in possession of this land ( the sixty-four and a half acres of which defendants claim to be sole seized ) for thirty-five or forty years; in fact plaintiffs failed to prove possession in Polly or themselves of any of the lands mentioned in the complaint. The will of David Brooks does not establish title in plaintiffs, by their showing as they did that they were the children and heirs-at-law of the said David. This will, without proving that plaintiffs or their mother Polly had held possession under it, proved no more than it would have proved in 1842 when it was probated. Suppose then that defendants had been in possession, and plaintiffs and their mother Polly had brought their action of ejectment against them, and offered this will in evidence and stopped; could it be contended that plaintiffs had made out their title and were entitled to recover ? This proposition must be answered in the negative. We are therefore clearly of the opinion that plaintiffs failed to establish their title to the land in controversy, and the Court should have so instructed the jury. But instead of so instructing, the Court instructed them if they believed the evidence to find for plaintiffs. In this there was error.

This disposes of the appeal. But there are other questions presented by the record, which have been argued and will necessarily arise on a new trial if plaintiffs succeed in making out their title. These are, as to what estate this will conveyed to Polly Brooks, and as to the statute of limitation—or possession. And our opinion is that, if David Brooks owned the lands named in the will, and Polly Brooks never married again, she was the owner of the same until her death unless she conveyed it and then the assignee would be the owner until her death. And this being so, plaintiffs would have no right to the posses-

sion of said land, and no right to sue for the same until after the death of Polly. So, if the 64 and one-half acres, claimed by defendants, is a part of the David Brooks lands mentioned in his will, and he was the owner thereof and had the right to convey the same by said will, then time did not commence to run against the plaintiffs until the death of Polly. And if defendants are tenants in common with plaintiffs, as they allege, it would require twenty years sole possession, by defendants from the death of Polly to defeat plaintiff's claim. *Ward* v. *Farmer*, 92 N. C., 93, and cases cited. But if they are not tenants in common with plaintiffs, and hold under deeds from parties who are strangers ( that is, others than · plaintiffs ), seven years adverse possession would bar plaintiff's right. The right of the *feme* defendant to dower has nothing to do with this proceeding.

There is error and defendants are entitled to a new trial and it is so ordered.

New Trial.