C. R. JONES v. J. I. COLEMAN and N. D. HARRIS.

(Filed 26 November, 1924.)

**1. Deeds and Conveyances—Execution—Evidence—Burden of Proof—Instructions.**

Where the validity of a destroyed deed is attacked upon the ground that it was not executed or the seal affixed, etc., the registration apparently being correct in these particulars introduced in evidence is prima facie taken to be correct, and the burden of the issue is on the party attacking its validity to sustain his contention by the greater weight of the evidence, and an instruction that he is required to do so by clear, strong and convincing proof, is reversible error.

**2. Same—Seal—Prima Facie Case—Directing Verdict.**

Where the original deed to lands has been lost or destroyed, and the record in the office of the register of deeds has been put in evidence, without the scroll or seal placed after the grantor's name, but the registration reciting that the grantor has affixed his seal, this recital raises the presumption that the seal had been affixed, and an instruction directing a verdict to that effect is correct in the absence of evidence to the contrary.

APPEAL by plaintiff from *Brown, J.,* at Special Term, 1924, of PERSON.

The two actions brought by plaintiff against J. I. Coleman and N. D. Harris were consolidated by consent and tried together. Issues submitted to the jury with the answers thereto are as follows:

1. Was the deed dated 24 July, 1894, from Mollie L. Jones to W. A. Jones, her husband, executed and delivered by the grantor to her said husband during her lifetime and probate duly taken by the justice of the peace during her lifetime? Answer: "Yes."

2. Was her seal duly affixed to said deed by Mollie L. Jones, the grantor? Answer: "Yes."

3. Is plaintiff's cause of action barred by the statute of limitations? Answer: "No."

From judgment upon this verdict, that plaintiff take nothing by his action, plaintiff appealed. Errors assigned are set out in the opinion.

*John R. Hood, Geo. E. Hood, L. D. McCullen and Cooper Hall for plaintiff.*

*F. O. Carver and William D. Merritt for defendants.*

CONNOR, J.   Mollie L. Jones was seized in fee and in possession of the land described in the complaint during her lifetime, after her marriage to W. A. Jones. There was in evidence the record of a deed from Mollie L. Jones conveying this land to W. A. Jones, dated 24 July, 1894, acknowledged by the grantor on 15 August, 1894 and recorded on 7 October, 1895. There was evidence that Mollie L. Jones died intestate on 27 November, 1894, leaving surviving her husband, W. A. Jones, and her only child, C. R. Jones, an infant, about one year of age, the plaintiff in this action.

Defendants claim the land described in the said deed under· a deed of trust executed by W. A. Jones to A. L. Brooks, trustee, on 14 November, 1895, defendants having purchased the said land at the sale made by the said trustee, upon default in the payment of note secured therein. There was evidence that the deed from Mollie L. Jones to W. A. Jones was signed by her but not delivered to the grantee or to any one for him; and that the certificate of the justice of the peace was not on the deed at the date of her death. The plaintiff seeks in this action to have said deed declared null and void, alleging that his mother, Mollie L. Jones, did not sign, seal or deliver the same.

Upon the trial, the court instructed the jury that, upon the first issue, the burden was on the plaintiff to fully satisfy the jury by clear, strong and convincing evidence that the deed was not executed and delivered by Mollie L. Jones, his mother, and that her acknowledgment and privy examination were not made or taken during her lifetime; that whether the evidence offered by plaintiff was clear, strong and convincing was for the jury to determine but that in considering the evidence to determine their answer to the first issue, the jurors should bear in mind that the burden of proof was upon the plaintiff to establish the truth of his contentions by such evidence; that the law attaches great importance to the solemn judicial acts of judicial officers such as a justice of the peace and that when an officer has solemnly certified that the execution of a deed was acknowledged before him by the grantor and that the grantor, if a married woman, was privately examined by him and the deed probated by the clerk of the Superior Court and recorded by the register of deeds, the law requires that a jury should be fully convinced before the deed can be set aside.

Plaintiff excepted to these instructions and assigns same as error. We are unable to reconcile these instructions with the opinion of this Court in *Belk v. Belk,* 175 N. C., 69, written by *Justice Walker,* wherein it is

said: "We are of the opinion that owing to the nature of a probate and registration, and having regard to the language of the statute with respect thereto, when a registered deed is introduced it raises such a presumption of its due execution, including in this term both signing and delivery, that in the absence of any contest as to the execution of the deed, and where no evidence is introduced to assail it, the presumption thus raised as to its due execution will warrant the Court in directing the jury to find in favor of the validity of the deed; but when its execution is denied and evidence is introduced which tends to show that it was not executed, the burden of proof is on the party claiming under the deed, but he is entitled to the full benefit of the presumption, as evidence in his favor, and whether the opposing evidence is sufficient to overcome the presumption and to call for more evidence from the plaintiff is a question for the jury, because they must pass upon the credibility of the evidence and its weight. The burden of proof, sometimes called the burden of the issue, is upon the plaintiff, who alleges the existence of the fact but who, however, in such a case has the advantage of a presumption in his favor." In that case plaintiff claimed title to land and under a deed which had been duly probated and registered. Defendant denied that the grantor had executed the deed as alleged and averred that the deed was a forgery. The burden of proof upon the issue thus raised as to the execution of the deed was held to be on the plaintiff throughout the trial. The court held that the deed, duly probated and registered, offered in evidence, was sufficient proof of its execution and genuineness. The contention of plaintiff, claiming under the deed, however, that the probate and registration raised a presumption of law or fact that required defendant to rebut it by a preponderance of the evidence, was not sustained. The court says that this contention places too great a burden on the defendant in regard to the execution of the deed. *Justice Brown,* being of opinion that the charge of the judge upon the burden of proof is strictly correct and in accord with the decisions of this Court, concurred in the result.

In the instant case a deed duly probated and registered is offered in evidence by the plaintiff who, however, attacks the validity of the deed upon the ground that the grantor named therein, from whom, but for the deed, the land described therein would descend to him, did not sign, seal or deliver the same. This registered deed raised a presumption of its due execution, including in this term both its signing and delivery. But the execution of the deed is denied and evidence was introduced which tends to show that it was not executed by Mollie L. Jones. There was evidence, also, tending to show that the certificate of the justice of the peace was not on the deed at date of her death. The defendants claim under this deed and rely upon the presumption which arises from the

probate and registration of the deed to sustain its validity. The question as to whether the deed was executed and delivered was necessarily submitted to the jury that they might pass upon the credibility of the evidence and its weight. The plaintiff contends that the instruction to the jury that the burden of proof upon this issue was upon him, not only to sustain the affirmative of the issue by evidence, but also that the jury should find that such evidence was clear, strong and convincing, was error.

In a civil action ordinarily the party upon whom the burden of proof is cast must sustain such burden by the greater weight or preponderance of the evidence; *Speas v. Bank, ante,* 524, and cases there cited by *Stacy, J.* Where the party to an action seeks to engraft a trust on a written instrument or to annex a condition to one or to establish a mistake therein he is required to make good his allegation by clear, strong and convincing proof. In such cases he admits the execution of the written instrument and takes upon himself the burden of altering or changing the written instrument and this, this Court has held, can be done only by evidence that is clear, strong and convincing. When the execution of a certificate of a judicial officer is admitted but its legal effect according to its tenor is denied, the same rule is applied. The affirmative of an issue involving only the question as to whether a written instrument has been executed may be sustained by the greater weight or preponderance of the evidence; when, however, the execution of the instrument is admitted and its integrity or legal effect is attacked, the party who carries the burden of the issue must establish his contentions by evidence clear, strong and convincing.

In *Lumber Co. v. Leonard,* 145 N. C., 339, and in *Smithwick v. Moore,* 145 N. C., 110, the execution of the deeds by the grantors was admitted. In the former case the grantor, a married woman, admitted that she signed the deed and acknowledged the execution of the same before a justice of the peace; she denied, however, the legal effect of her act as certified by the justice of the peace. Her attack was upon the integrity of the judical act, which itself was admitted. The Court held that this attack could be sustained and the legal effect of the certificate overcome only by evidence clear, strong and convincing. In the latter case it was held that there was no evidence to rebut the presumption of delivery arising from the registration of the deed, and that therefore, the court erred in refusing to charge the jury that upon the evidence they should answer the issue "No."

In *Benedict v. Jones,* 129 N. C., 470, cited in *Lumber Co. v. Leonard, supra,* the married woman who attacked the certificate of the clerk admitted the execution by her of the deed, and this Court approved an

instruction that upon such an admission the law raised a presumption from the certificate that the facts were as set out therein and that this presumption could be rebutted only by evidence, clear, strong and convincing, holding in this case that there was no evidence to rebut the presumption.

In *Odom v. Clark,* 146 N. C., 545, plaintiffs alleged that defendants had given them a verbal mortgage on certain personal property. This was denied by defendants. The jury having answered the issue as contended by plaintiffs, defendants appealed, assigning as error the failure of the judge to instruct the jury that the burden was upon plaintiffs to sustain their allegation by evidence clear, strong and convincing. This Court said: "No reason occurs to us why such a contract should be required to be established by clear, strong and convincing proof rather than by the greater weight of the evidence, the rule stated in the charge."

In *Fortune v. Hunt,* 149 N. C., 358, this Court held that there is a presumption that a deed duly proven and registered was executed and delivered at the time it bears date. The burden of proof is upon the party attacking its validity to show the contrary and where there is evidence tending to show that the deed was not in fact executed or delivered, the issue as to whether or not it was executed must be submitted to a jury. Nothing is said in this opinion as to the intensity of the proof required. The clear implication is that under the rule ordinarily obtaining in civil actions, only the greater weight of the evidence was required.

The instruction of his Honor that the burden of proof upon the first issue was upon the plaintiff and that such burden could be borne by him only by evidence clear, strong and convincing is not sustained as the law by the decisions of this Court.

In a civil action where the issue submitted to the jury admits the execution of the written instrument and the rights of the parties attacking it depend upon a successful attack upon the integrity of the instrument itself, the rule stated in *Lumber Co. v. Leonard supra,* has been approved and followed by this Court; but where the execution of the instrument is the fact put in issue by the pleadings, this fact like any other fact alleged, may be established by the greater weight of the evidence.

We must therefore hold that there was error in the instruction of the court upon the first issue. The burden of establishing the fact of the execution of the deed by the grantor was upon the defendant who claims under the deed; the record of the deed, made upon a prima facie correct certificate of the justice of the peace and the probate of the clerk is sufficient evidence to sustain this burden; whether upon all the evidence

the presumption arising from the registration of the deed is rebutted must be determined by the jury.

Upon the second issue the court instructed the jury as follows: "It appears from the evidence that the deed from Mollie L. Jones to her husband, W. A. Jones, has been burned and the original of it is not in evidence. The record of it is in evidence and there is no scroll or seal after Mrs. Jones' name on the record, but the record recites 'In testimony whereof the said Mollie L. Jones has hereunto set her hand and seal.'

"I charge you that the recital of these words raises a presumption that there was a seal affixed by Mollie L. Jones to her signature on the original deed.

"I further charge you that no evidence has been offered or introduced in this case to rebut that presumption and therefore you are directed to answer the second issue 'Yes.' "

Plaintiff's exception to this instruction cannot be sustained. The instruction is supported by the opinion of this Court in *Hopkins v. Lumber Co.,* 162 N. C., 533, and cases cited therein.

We do not deem it necessary to discuss assignments of error based upon his Honor's refusal to give instructions requested. There must be a

New trial.