G. B. OVERTON ET AL. v. W. H. HIGHSMITH ET AL.

(Filed 10 March, 1926.)

**1. Homestead—Partition—Tenants in Common—Title—Adverse Possession—Evidence—Constitutional Law.**

The record evidence that a homestead had been laid off to the original owner under execution, is *Held* in this action among heirs at law sufficient to be submitted to the jury where some of the tenants in common deny the title of the others under claim of adverse possession without "color."

**2. Instructions—Appeal and Error—Harmless Error—Adverse Possession.**

Where the defendants claim to be the owners of the *locus in quo* by twenty years possession without "color," a charge to the jury that "such possession must have continued for twenty years and more," is rendered harmless when the evidence conclusively shows that it had not continued for twenty years.

APPEAL by defendants from *Bond, J.,* at September Term, 1925, of PITT.

Special proceedings to sell land for partition, tried in the Superior Court on the defendants' plea of sole seizin.

From a verdict and judgment in favor of the plaintiffs, the defendants appeal, assigning errors.

*S. J. Everett for plaintiffs.*
*Julius Brown for defendants.*

STACY, C. J. The essential facts as admitted, or established by the verdict, are as follows:

1. The plaintiffs are the children and grandchildren of Robert S. Highsmith by a first marriage, while the defendants are his children and grandchildren by a second marriage.

2. It is conceded that the land in question was deeded to Robert S. Highsmith in 1859. Thereafter, other adjacent lands were acquired by him. On 14 April, 1880, all of his real estate was sold under execution to

William Whitehead by Allen Warren, sheriff of Pitt County, save and except his homestead exemption, which was allotted to him in the particular land now in controversy.

3. Robert S. Highsmith died in November, 1882, leaving him surviving a widow, who died in March, 1920, and several minor children, the youngest of whom became of age in October, 1902.

4. The widow and her children have been in the possession of the land in question, adversely, they say, since 1882.

5. Summons in this proceeding was issued in September, 1920.

On these, the facts chiefly pertinent, the right of the plaintiffs to share in the proceeds arising from a sale of the land, or to take their part of it in severalty, is not seriously questioned, as this proceeding was instituted within twenty years after the falling in of the homestead in 1902, at the time the youngest child became of age. *Spence v. Goodwin,* 128 N. C., 273; Const., Art. X, sec. 3.

The position of the defendants is based on the contention that all the lands of Robert S. Highsmith were sold under execution in 1880; that the property now in controversy, therefore, was not owned by him at the time of his death; that they have held it adversely to all the world since 1882, and especially as against William Whitehead, who acquired title to it under the sheriff's deed in 1880; and that no sufficient evidence has been offered to show any allotment of Robert S. Highsmith's homestead in the particular land in question. We think there was ample evidence to warrant the jury in finding, as it did, that the homestead was laid off in this particular land. It lay between two other tracts, which William Whitehead acquired under the sheriff's deed, and the instant tract had upon it the homesteader's dwelling. It is the same land purchased by Robert S. Highsmith in 1859. The sheriff's return, offered in evidence by the defendants, contained the following entry: "Executed 13 February, 1880, by levying on two tracts of land, one containing 290 acres, adjoining the lands of Mathew James, Burton James, S. E. Moore *et als.,* and the other tract containing 100 acres, adjoining the lands of Simon Nobles, Godfrey Stancil *et als.*"

The defendants also except to the charge because the court instructed the jury that before title could be acquired by adverse possession "such possession must have continued for as long as 20 years and more before the beginning of this action." Even if the use of the words "and more" was slightly inadvertent, the defendants are not in position to complain, for at best they have shown possession adversely for only 19 years after the falling in of the homestead.

The assignments of error, as made by the defendants, are not sufficient to upset the verdict. The judgment must be upheld.

No error.