Z. B. JOHNSON AND WIFE, MRS. LILLIE JOHNSON. C. D. JOHNSON AND WIFE, MRS. BERTIE JOHNSON, MRS. FLORENCE J. PERRY AND HUSBAND, H. K. PERRY, PLAINTIFFS, v. R. M. JOHNSON AND WIFE, MRS. LELA JOHNSON, B. C. JOHNSON AND WIFE, MRS. TRIB JOHNSON, AND R. H. JOHNSON AND WIFE, MRS. ADNA JOHNSON, DEFENDANTS.

(Filed 1 December, 1948.)

**1. Evidence § 7a—**

The placing of the burden of proof is determinable from the pleadings before the introduction of evidence under the rule that the burden of proof lies upon the party who will be defeated if no evidence relating to the issue is given on either side.

**2. Same—**

Plaintiff has the burden of proof on all allegations, negative as well as affirmative, which are essential to his claim or cause of action.

**3. Same: Partition § 5b—**

Where defendants in partition deny co-tenancy and plead sole seizin, the burden is upon plaintiffs to show title in the parties by tenancy in common. G.S. 46-3.

**4. Same—**

Defendants' answer denied plaintiffs' allegation of co-tenancy and pleaded sole seizin. Plaintiffs, by reply, alleged the existence, probate and registration of a deed from the common source of title to one of defendants, and alleged that the deed was a forgery, and prayed that it be declared null and void. *Held:* The nonexistence of the deed is essential to the establishment of plaintiffs' claim of tenancy in common, and that the instrument had been duly signed, sealed and delivered is a rebuttable presumption arising from the fact of probate and registration, and therefore plaintiffs have the burden of proving that the deed was a forgery in order to establish their claim or cause of action.

**5. Deeds § 3—**

Either plaintiff or defendant who claims title under a probated and registered deed is entitled to call to his aid the rebuttable presumption arising from the probate and registration that the instrument had been duly signed, sealed and delivered, and the burden of proving the contrary rests upon the party seeking to establish title upon allegation that the grantor did not in fact execute the instrument.

**6. Appeal and Error § 39a—**

Error favorable to appellants cannot be prejudicial.

**7. Appeal and Error § 39c—**

Where plaintiffs offer no evidence upon an issue essential to their cause of action, and therefore are not entitled to recover on any aspect of the case, any error committed against them in the trial is harmless.

APPEAL by plaintiffs from *Harris, J.,* and a jury, at January Term, 1948, of FRANKLIN.

Certain facts are not in dispute. In 1881, the tract described in the pleadings was allotted to Mrs. Nancy Johnson as her share in the lands of her deceased father. During the thirty-five or forty years immediately preceding the issuance of the summons, the defendant, B. C. Johnson, occupied these premises. On 20 March, 1920, the paper writing mentioned in the first issue set out below was registered in Book 227, at page 501, in the office of the Register of Deeds of Franklin County. The instrument bore date 22 January, 1920, and purported to be a warranty deed with the usual covenants whereby Mrs. Nancy Johnson conveyed the land in controversy to the defendant, B. C. Johnson, in fee simple for a recited consideration of $1,000.00. The document appeared upon its face to have been regularly signed by mark by Mrs. Nancy Johnson, who was unable to write, and to have been acknowledged by her

before a justice of the peace, and to have been ordered registered by the Clerk of the Superior Court of Franklin County in due form. On 21 August, 1944, Mrs. Nancy Johnson died intestate, leaving her surviving as heirs at law the plaintiffs, Z. B. Johnson, C. D. Johnson, and Mrs. Florence J. Perry, and the defendants, B. C. Johnson, R. M. Johnson, and R. H. Johnson. Subsequent to this event, the defendant, B. C. Johnson, executed documents sufficient in form to reserve life estates in the property in question for himself and his wife, Mrs. Trib Johnson, and to vest the remainder in such property in the defendant, R. M. Johnson, in fee.

This litigation began on 25 April, 1947, when the plaintiffs presented a petition alleging that the plaintiffs, Z. B. Johnson, C. D. Johnson, and Mrs. Florence J. Perry, and the defendants, B. C. Johnson, R. M. Johnson, and R. H. Johnson, owned the tract in issue as tenants in common and praying that it be partitioned among them by sale. The defendants filed answers, in which the defendant, R. H. Johnson, disclaimed any interest in the property, and in which the defendants, B. C. Johnson, Mrs. Trib Johnson, and R. M. Johnson, denied the co-tenancy alleged by the plaintiffs and pleaded sole seizin in themselves. Neither the petition nor the answers made mention of the alleged deed from Mrs. Nancy Johnson to B. C. Johnson.

The plaintiffs thereupon filed a reply containing this allegation: "That these plaintiffs are informed and believe and therefore aver that the defendants, B. C. Johnson and wife, Mrs. Trib Johnson, and R. M. Johnson claim the lands concerned in this proceeding under color of a purported deed of conveyance of said lands from Mrs. Nancy Johnson to B. C. Johnson, which appears of record in Book 227, at page 501, in the office of the Register of Deeds of Franklin County, North Carolina, but these plaintiffs are informed and believe and therefore aver that the said purported deed was never made, executed or delivered by the said Mrs. Nancy Johnson to B. C. Johnson or to anyone else, and that the said Mrs. Nancy Johnson, up until the time of her death, never knew or suspected that any such purported deed existed, and that the said purported deed was placed upon the public record without the knowledge or consent of the said Mrs. Nancy Johnson." In the reply, the plaintiffs asked that "the prayers of the petition herein be granted and that the purported deed which appears of record in Book 227, at page 501, as aforesaid, be declared by the court to be null and void and of no effect."

The decision on the trial was made to turn on the question as to whether Mrs. Nancy Johnson had executed the deed of 22 January, 1920. The trial judge ruled that the burden of establishing the fact of the execution of the purported deed was upon the defendants, B. C. Johnson, Mrs. Trib Johnson, and R. M. Johnson, who claimed under it. These defendants

offered evidence tending to show that Mrs. Nancy Johnson signed, sealed and delivered the instrument in question in due form of law. The plaintiffs presented testimony for the avowed purpose of sustaining the converse proposition, but such evidence had no tendency to disprove the execution of the instrument in controversy by Mrs. Nancy Johnson.

The issues submitted to the jury with the answers thereto were as follows: (1) Was the deed appearing of record in Book 227, at page 501, in the office of the Register of Deeds of Franklin County, made, executed, and delivered by Mrs. Nancy Johnson to B. C. Johnson? Answer, Yes; and (2) Are the petitioners Z. B. Johnson, C. D. Johnson, and Mrs. Florence J. Perry tenants in common with the defendants B. C. Johnson and wife, Mrs. Trib Johnson, and R. M. Johnson? Answer, No.

The trial judge rendered judgment for the defendants, B. C. Johnson, Mrs. Trib Johnson, and R. M. Johnson, on the verdict, and the plaintiffs appealed, assigning errors.

*John F. Matthews for plaintiffs, appellants.*

*Charles P. Green, Hill Yarborough, and E. F. Yarborough for defendants, appellees.*

ERVIN, J.   The trial judge committed error favorable to plaintiffs in imposing upon the defendants, B. C. Johnson, Mrs. Trib Johnson, and R. M. Johnson, the burden of establishing by the greater weight of the evidence that Mrs. Nancy Johnson did in fact sign, seal, and deliver the deed, which was admitted to registration on 20 March, 1920. An analysis of the pleadings in the light of relevant legal principles and authorities makes this observation indisputably clear.

The question as to whether the burden of proof rests with a plaintiff or a defendant is determined from the pleadings before the introduction of evidence. 20 Am. Jur., Evidence, section 136. Plaintiff has the burden of proof with respect to all elements of his claim or cause of action. *Bank v. Construction Co.,* 203 N. C. 100, 164 S. E. 621. What he must allege, he must prove. *Hood v. Cobb.* 207 N. C. 128, 176 S. E. 288. He is even required to make proof of his negative allegations if they are essential to the establishment of his case. *Hood v. Cobb, supra; S. v. Connor,* 142 N. C. 700, 55 S. E. 787; 31 C. J. S., Evidence, section 105. "Whenever, whether in plea or replication or rejoinder or surrejoinder, an issue of fact is reached (says 2 Wharton Ev., sec. 354), then, whether the party claiming the judgment of the court asserts an affirmative or negative proposition, he must make good his assertion. On him lies the burden of proof." *Cook v. Guirkin,* 119 N. C. 13, 25 S. E. 715.

The question as to which party to an action has the burden of proof with respect to either a particular issue or the entire case finds solution

through the application to the pleadings of a simple test. The burden of proof lies upon the person who will be defeated as to the particular issue or the entire case if no evidence relating thereto is given on either side. *Huneycutt v. Brooks,* 116 N. C. 788, 21 S. E. 558; *Coffman v. Spokane Chronicle Pub. Co.,* 65 Wash. 8, 117 P. 596, Ann. Cas. 1913 B 636; 20 Am. Jur., Evidence, section 135; 31 C. J. S., Evidence, section 104.

The plaintiffs claimed judgment for partition of the land in controversy upon a petition making the essential averment that they and the defendants owned such lands as tenants in common. G.S. 46-3. When the defendants, B. C. Johnson, Mrs. Trib Johnson, and R. M. Johnson, denied the plaintiffs' allegation of co-tenancy and pleaded sole seizin in themselves, the law cast upon the plaintiffs the burden of showing title as alleged, *i.e.,* the tenancy in common. *Davis v. Crump.* 219 N. C. 625, 14 S. E. (2) 666; *Bailey v. Hayman,* 218 N. C. 175, 10 S. E. (2) 667; *Talley v. Murchison,* 212 N. C. 205, 193 S. E. 148; *Lester v. Harward,* 173 N. C. 83, 91 S. E. 698; *Huneycutt v. Brooks, supra.*

The answer of the defendants did not plead the existence or record of the alleged deed from Mrs. Nancy Johnson to B. C. Johnson as an affirmative defense or otherwise. But the plaintiffs rightly realized as a practical matter that the record of the deed was a lion in their path, barring their claim to an interest in the land. In consequence, they filed a reply in which they disclosed the existence, probate and registration of the deed, and alleged in substance that the deed was a forgery, and prayed that it "be declared by the court to be null and void and of no effect." To all intents and purposes, the reply of the plaintiffs injected a new cause of action into the case, *i.e.,* a cause of action for the cancellation of the record of a forged deed as a cloud on the title of the plaintiffs to undivided interests in the land. *Byerly v. Humphrey,* 95 N. C. 151; Annotation: 78 A. L. R. 182.

This was new matter. Manifestly, the burden of showing that the deed was a forgery devolved upon the plaintiffs under the pleadings in the case at bar for the reason that the nonexecution of the instrument by the supposed grantor constituted an essential element of their claim or cause of action. The reply of the plaintiffs disclosed the existence of the alleged deed and the fact that it had been probated and registered. The probate and registration gave rise to the rebuttable presumption that the instrument had been duly signed, sealed, and delivered by the purported grantor. *Best v. Utley,* 189 N. C. 356, 127 S. E. 337. Thus, the plaintiffs would have suffered defeat on the issue as to the execution of the deed if no evidence had been offered on either side with respect thereto.

This conclusion is sanctioned by repeated decisions of this Court holding that the burden of proving his assertion of nonexecution rests on a

plaintiff who seeks to establish a claim to land upon an allegation that the grantor named in a probated and registered deed regular on its face did not in fact execute the instrument. Besides, the same cases clearly establish the rule that a party claiming title under such probated and registered deed can call to his aid the rebuttable presumption that the supposed grantor executed such deed whenever the instrument is subjected to attack on an allegation of nonexecution without regard to whether he be the plaintiff or the defendant. These propositions find full support in these authorities: *Bank v. Griffin,* 207 N. C. 265, 176 S. E. 555; *Gulley v. Smith,* 203 N. C. 274, 165 S. E. 710; *Best v. Utley, supra; Faircloth v. Johnson,* 189 N. C. 429, 127 S. E. 346; *McMahan v. Hensley,* 178 N. C. 587, 101 S. E. 210; *Rogers v. Jones,* 172 N. C. 156, 90 S. E. 117; *Lee v. Parker,* 171 N. C. 144, 88 S. E. 217; *Linker v. Linker,* 167 N. C. 651, 83 S. E. 736; *Buchanan v. Clark,* 164 N. C. 56, 80 S. E. 424; *Fortune v. Hunt,* 149 N. C. 358, 63 S. E. 82; *Smithwick v. Moore,* 145 N. C. 110, 58 S. E. 843; *Helms v. Austin,* 116 N. C. 751, 21 S. E. 556.

The trial judge was understandably misled on the question of the burden of proof as to the execution of the deed in issue by a too literal reliance upon certain language in *Belk v. Belk,* 175 N. C. 69, 93 S. E. 726; *Jones v. Coleman,* 188 N. C. 631, 125 S. E. 406; and *Burton v. Peace,* 206 N. C. 99, 173 S. E. 4. In *Belk v. Belk,* the party claiming under the questioned deed was the plaintiff, and the broad statement that "the legislature . . . evidently intended that the burden as to due execution should be imposed upon the party claiming under the deed, when there is an issue joined in regard to it calling for proof" was correct as applied to him. The holding of the Court in *Jones v. Coleman* is correctly digested in the first headnote, which says that a plaintiff who attacks the validity of a probated and registered deed by an allegation of nonexecution must "sustain his contention by the greater weight of the evidence, and an instruction that he is required to do so by clear, strong, and convincing proof is reversible error." The remark near the conclusion of the opinion that "the burden of establishing the fact of the execution of the deed by the grantor was upon the defendant who claims under the deed" runs counter to the authorities cited in the opinion, was not necessary to the decision, and constituted an *obiter dictum.* 21 C. J. S., Courts, section 190. In *Burton v. Peace,* the defendant was not content to rest on the rebuttable presumption of execution raised by the probate and registration. He undertook to establish it as a fact by the oral testimony of witnesses. Unfortunately for him, this evidence effectually rebutted the presumption by showing affirmatively that the deed in question had never been delivered. Consequently, verdict and judgment for the plaintiff was upheld. The inadvertent expression in the opinion to the effect that the presumption of execution arising from the probate and

registration of a deed does not apply when the deed is offered by a plaintiff "for the purpose of attack" was not necessary to the determination of any question in the case, conflicted with the numerous decisions on the subject, constituted an *obiter dictum,* and cannot be accorded the force of an adjudication abrogating the presumption in the area of its greatest usefulness.

The action of the trial court in placing the burden of proof as to the execution of the determinative deed on the wrong parties worked no injury to defendants in final result for the reason that the jury found that Mrs. Nancy Johnson actually signed, sealed, and delivered the instrument.

On this appeal, the plaintiffs assert with much earnestness that the case ought to be tried anew for other errors which they claim the court committed in admitting the testimony of the defendants and in charging the jury on the issue as to the making of the deed.

The present record impels us to adjudge any such errors to be harmless. Here, the burden of proving their allegation that the supposed grantor did not execute the deed in controversy rightly rested upon the plaintiffs. No evidence was presented at the trial tending to sustain the truth of this essential averment. Hence, the plaintiffs were not entitled to a favorable decision in any event, the verdict returned by the jury was the only one justified by the evidence, and the judgment rendered was correct on the merits. *Clark v. Henrietta Mills,* 219 N. C. 1, 12 S. E. (2) 682; *Weatherman v. Ramsey,* 207 N. C. 270, 176 S. E. 568; *Ins. Co. v. Oates.* 193 N. C. 456, 137 S. E. 324; *Fulcher v. Lumber Co.,* 191 N. C. 408, 132 S. E. 9; *Overton v. Highsmith,* 191 N. C. 376, 131 S. E. 742.

As the record has not revealed an error affecting any substantial right of the plaintiffs, the judgment rendered in the court below will not be disturbed.

No error.