MAYNOR v. SAYLES BILTMORE BLEACHERIES

[116 N.C. App. 485 (1994)]

ELMER O. MAYNOR, EMPLOYEE-PLAINTIFF v. SAYLES BILTMORE BLEACHERIES, EMPLOYER-DEFENDANT AND GEORGIA CASUALTY & SURETY COMPANY, CARRIER-DEFENDANT

No. 9310IC1020

(Filed 4 October 1994)

## Workers' Compensation § 296 (NCI4th)— compensation award—no evidence of order to undergo surgery—no violation of order to cooperate with rehabilitation specialist

The Industrial Commission did not err in continuing plaintiff's compensation for temporary total disability rather than ordering plaintiff to undergo doctor-recommended surgery where there was no evidence that defendant employer ever requested that the Commission order plaintiff to undergo surgery. Nor did the Commission err in failing to conclude that plaintiff was not entitled to continued compensation on the ground that plaintiff violated an order of a deputy commissioner that he submit to and cooperate with a vocational rehabilitation specialist chosen by defendant where the evidence showed that defendant's vocational rehabilitation specialist did not contact plaintiff after the deputy commissioner's order was entered, and there was no other evidence that plaintiff refused to cooperate with any vocational rehabilitation specialist chosen by defendant after the date of the order. N.C.G.S. § 97-25.

**Am Jur 2d, Workers' Compensation §§ 389, 390.**

**What amounts to failure or refusal to submit to medical treatment sufficient to bar recovery of workers' compensation. 3 ALR5th 907.**

Appeal by defendants from opinion and award of the North Carolina Industrial Commission filed 16 July 1993. Heard in the Court of Appeals 24 August 1994.

*Gary A. Dodd for plaintiff-appellee.*

*Crossley, McIntosh, Prior & Collier, by Frances B. Prior and Sharon J. Stovall, for defendants-appellants.*

MAYNOR v. SAYLES BILTMORE BLEACHERIES

[116 N.C. App. 485 (1994)]

JOHNSON, Judge.

Plaintiff sustained a compensable back injury while working for defendant on 18 August 1986. Plaintiff missed work as a result of the injury from 18 August 1986 to 26 August 1986, and from 14 November 1986 to 9 January 1987 at which time he returned to light duty. By 15 December 1987 plaintiff's back problems had become so severe that he was taken out of work and plaintiff has not worked since that time. Plaintiff has been treated by Drs. David O. Lincoln, Wayne S. Montgomery, and Keith Maxwell. On 13 January 1988, plaintiff underwent lumbar surgery. Plaintiff continued to have severe pain problems with his back and Dr. Maxwell recommended further surgery to decrease pain. Dr. Maxwell opined that surgery would provide a 92% chance of relieving 70% to 80% of plaintiff's pain. Plaintiff decided against the surgery because plaintiff had had enough of doctors, surgery, and hospitals. Plaintiff received temporary total disability benefits during the periods of disability and until 29 June 1989 when his benefits were terminated upon approval of a Form 24 filed with the Industrial Commission by defendant. On 11 July 1989 plaintiff filed a Request for Hearing seeking compensation benefits starting 30 June 1989 along with medical treatment and payment for permanent disability.

On 9 November 1990, plaintiff's claim was heard in part by Deputy Commissioner Charles Markham. Deputy Commissioner Markham filed an order on 13 December 1990 requiring plaintiff to "submit himself at reasonable times and places for evaluation and testing by a vocational rehabilitation specialist of defendant's choosing" subject to certain provisions. Before the order was ever issued, plaintiff had worked with a vocational rehabilitation specialist (Ann Hughes of Intercorp) specifically chosen by defendants. Ms. Hughes discontinued her work with plaintiff when the case appeared to be near settlement. When the case did not settle, defendant retained Central Rehabilitation Associates (CRA) to attempt to do a vocational assessment of plaintiff. Karen Guetel of CRA contacted plaintiff in June of 1990, six months before the order. Plaintiff did not meet with Ms. Guetel on advice of counsel. Plaintiff retained Stephen Carpenter as his vocational rehabilitation specialist after the order was issued. Deputy Commissioner Markham filed his opinion and award on 16 December 1991 concluding that as a result of plaintiff's compensable injury, plaintiff was entitled to compensation for a 15% permanent partial disability of his back at a rate of 66.66% of plaintiff's average weekly wage. Plaintiff appealed portions of Deputy Commissioner

Markham's decision to the Full Commission. On 16 July 1993 the Full Commission filed an opinion and award concluding that plaintiff was entitled to temporary total disability compensation at the rate of $270.88 per week beginning on 30 June 1989 and continuing until plaintiff sustained a change of condition or returned to work, or until defendants obtain permission from the Industrial Commission to stop payment; also that plaintiff was entitled to the payment of all medical expenses incurred, or to be incurred, as a result of his injury by accident. From this opinion and award employer-defendant appeals.

Defendant first contends that the Full Commission erred in continuing plaintiff's compensation rather than ordering plaintiff to undergo doctor-recommended surgery. We disagree.

The standard of review for an opinion and award of the Industrial Commission is limited to two questions of law: "(1) whether there was any competent evidence before the Commission to support its findings of fact; and (2) whether . . . the findings of fact of the Commission justify its legal conclusions and decisions." *Watkins v. City of Asheville*, 99 N.C. App. 302, 303, 392 S.E.2d 754, 756, *disc. review denied*, 327 N.C. 488, 397 S.E.2d 238 (1990) (*quoting Dolbow v. Holland Industrial*, 64 N.C. App. 695, 696, 308 S.E.2d 335, 336 (1983), *disc. review denied*, 310 N.C. 308, 312 S.E.2d 651 (1984)). *See also Gilbert v. Entenmann's Inc.*, 113 N.C. App. 619, 623, 440 S.E.2d 115, 118 (1994). Defendant argues that it was error for the Full Commission to continue plaintiff's compensation benefits as there was no competent evidence to support the Commission's finding that defendant failed to request an order that plaintiff undergo surgery. This argument is without merit.

North Carolina General Statutes § 97-25 (1989) states in part:

In case of a controversy arising between the employer and employee relative to the continuance of medical, surgical, hospital, or other treatment, *the Industrial Commission may order such further treatments as may in the discretion of the Commission be necessary. . . .* The refusal of the employee to accept any medical, hospital, surgical or other treatment or rehabilitative procedure *when ordered by the Industrial Commission* shall bar said employee from further compensation until such refusal ceases, and no compensation shall at any time be paid for the period of suspension unless in the opinion of the Industrial Commission the circumstances justified the refusal, in which

case, the Industrial Commission may order a change in the medical or hospital service. (Emphasis added.)

The record does not indicate that defendant ever requested the Industrial Commission to order surgery for plaintiff, or that the Industrial Commission made any such order. Plaintiff could not disobey an order plaintiff never received. Without any evidence of an order, defendant's argument must fail.

Defendant next contends that the Full Commission erred in failing to conclude that plaintiff violated the order of the Deputy Commissioner that plaintiff submit to and cooperate with a vocational rehabilitation specialist chosen by defendant.

Defendant contends that the evidence in the record as to the Full Commission's finding that "there is no evidence in the record that after 13 December 1990 plaintiff refused to meet with defendant's rehabilitation specialist or that plaintiff refused to cooperate with any rehabilitation program," is not supported by any competent evidence and as such, the Full Commission's conclusion that plaintiff was entitled to continued compensation is error. We disagree.

The general rule is that the burden of proof lies upon the person who will be defeated as to a particular issue or entire case if no evidence relating thereto is given on either side. *Johnson v. Johnson*, 229 N.C. 541, 50 S.E.2d 569 (1948). Defendant cites Exhibit 2 in the deposition of Stephen Carpenter as evidence of plaintiff's failure to cooperate with a vocational rehabilitation specialist chosen by defendant. This document is a report filed with defendant Georgia Casualty by vocational rehabilitation specialist Karen Guetel of CRA. It is dated 18 December 1990, five days after Deputy Commissioner Markham filed his order. The Full Commission did not recognize this letter as evidence. Exhibit 2 became a part of the record while defendant's counsel was cross-examining Mr. Carpenter and was never tendered into evidence by defendant. Nevertheless, Exhibit 2 contains "contact" notes at the bottom of the page which indicate that Ms. Guetel, defendant's vocational rehabilitation specialist, did not contact plaintiff or plaintiff's counsel after Deputy Commissioner Markham's 13 December 1990 order. Undoubtedly, if Ms. Guetel did not contact plaintiff, plaintiff could not have refused to cooperate with her.

No other evidence in the record establishes the fact that plaintiff refused to cooperate with Ms. Guetel or any other vocational rehabil-

MAYNOR v. SAYLES BILTMORE BLEACHERIES

[116 N.C. App. 485 (1994)]

itation specialist after Deputy Commissioner Markham's 13 December 1990 order. The record in this case remained open for nearly seven months after this letter was written and defendant made no effort to depose Ms. Guetel to establish plaintiff's alleged violation of Deputy Commissioner Markham's order. The Full Commission found as fact that after the order was issued plaintiff did not refuse to meet with any of defendant's designated vocational rehabilitation specialists, and plaintiff did not refuse to cooperate in a rehabilitation program. Defendant's argument that evidence to the contrary exists is clearly without merit.

Having reviewed the record, we find sufficient evidence to support the Full Commission's findings of fact, and we hold that those findings support the conclusions of law. The Full Commission's opinion and award is

Affirmed.

Judges ORR and WYNN concur.