Upon review of all of the competent evidence of record with reference to the errors assigned, and finding good grounds to reconsider the evidence, the Full Commission REVERSES the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award:
The following were entered into by the parties at the hearing before the Deputy Commissioner as
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant times.
3. Defendant-employer General Tire Rubber Company is a qualified self-insured.
4. A Form 21 Agreement was previously approved by the North Carolina Industrial Commission on March 19, 1993. Pursuant to that agreement, plaintiff was paid temporary total disability compensation from the date of the agreement through August 21, 1995.
5. A Pre-Trial Conference was held in this matter by former Deputy Commissioner Jan Pittman on January 3, 1996. She issued an Order filed on January 19, 1996 setting forth plaintiff's average weekly wage as being $554.67 and other stipulations.
6. On August 21, 1995, subsequent to a conference telephonic informal hearing, Special Deputy Commissioner Amy L. Pfeiffer issued an Administrative Decision and Order approving the application for the approval of an I.C. Form 24. The effective date of the Form 24 was May 5, 1995.
7. The parties also stipulated to the following medical and vocational rehabilitation records:
a. Medical records of Dr. J.S. Gaul III
b. Medical records of Dr. Donald Joyce
c. Records of Ms. Connie Andrews
d. Medical records of Dr. Ann Kirchmayer
e. Rehabilitation reports of Ms. Danica McDevitt
8. At the time of the hearing, the sole issue for determination was whether or not plaintiff had unjustifiably refused to cooperate with the vocational rehabilitation efforts of the defendants and the vocational rehabilitation specialist they had assigned to work with plaintiff.
 ***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is a sixty-two year old male with a rural high school education. He was employed by defendant-employer General Tire Company for twenty-two years.
2. On January 20, 1993, plaintiff's arm became entangled in a rapidly rotating strip of rubber. As a result, plaintiff's left shoulder was dislocated and his rotator cuff was ruptured.
3. As a result of the compensable injury by accident on January 20, 1993, plaintiff sustained a permanent injury to his left shoulder.
4. His treating physician, Dr. J.S. Gaul III, gave plaintiff a 25% permanent partial impairment to the left arm as a result of his rotator cuff injury. Plaintiff was restricted in his work capabilities in that he was limited to performing jobs in a light physical capacity, which included exerting only up to twenty pounds of force occasionally, and/or up to ten pounds of force frequently and a negligible amount of force constantly. At the time Dr. Gaul released plaintiff for light duty work in November 1994, plaintiff was capable of lifting a maximum amount of twenty pounds.
5. In addition to his above stated lifting restrictions, a Functional Capacity Evaluation report dated February 3, 1994, done by Roy Smith, P.T., strongly encouraged plaintiff to avoid occupations where he had to (1) repetitively or frequently lift items from floor to waist; (2) work in kneeling, crouching or stooping positions; (3) work with hands over his head; (4) lift items to shoulder height and above with both hands; or (5) lift or raise his left hand or arm above his shoulder.
6. As a result of plaintiff's restrictions as set forth by Dr. Gaul, he was unable to return to work for defendant-employer.
7. Defendant-employer offered plaintiff vocational rehabilitation services through the assistance of a vocational rehabilitation specialist, Ms. Danica McDevitt. Ms. McDevitt began working with plaintiff on November 14, 1994, in an effort to locate suitable alternative employment within his physical restrictions.
8. Ms. Danica McDevitt was of the opinion that there was work in the Mecklenburg County labor market that plaintiff was qualified to do and that plaintiff's job search efforts were unsuccessful because plaintiff did not follow up on job leads in a timely fashion, did not apply for every job on the list she provided, did not always apply in person, talked about his medical restrictions, and showed a lack of enthusiasm.
9. Based upon the above stated opinions of the vocational rehabilitation consultant, defendant sought to terminate plaintiff's temporary total disability compensation on the grounds that plaintiff had unjustifiably refused to cooperate with vocational rehabilitation efforts.
10. Based upon the greater weight of the evidence, plaintiff contacted an average of five employers per week during the period from April 18, 1995 through August 1995. Often plaintiff would pick up application forms which he completed at home and returned later. Plaintiff made approximately 47 job contacts, but was not offered employment. Plaintiff did not contact all of the employers on the list provided to him by the vocational rehabilitation consultant. The number of job contacts made by plaintiff was reasonable.
11. The vocational rehabilitation consultant sent questionnaires to employers concerning plaintiff's job search efforts. Six employers responded. One indicated that plaintiff did not show interest or enthusiasm. One employer wrote "somewhat" in the blank concerning plaintiff's interest and enthusiasm. One employer noted that plaintiff did show interest and enthusiasm. The other three employers did not respond to this question.
12. There is insufficient evidence from which to determine whether plaintiff followed up on job leads in a timely fashion. It is reasonable to pick up job application forms, complete them at home, and return them later. The vocational rehabilitation consultant indicated that she provided some assistance to plaintiff in completing at least two job applications.
13. There is insufficient evidence from which to determine whether plaintiff was physically or mentally capable of performing all of the jobs listed. Plaintiff has severe physical restrictions. Plaintiff testified that he could not do the job at Centennial Lanes or the job at Morrocroft Place Apartments. If the job description from both employments included the duties that plaintiff testified he would have been required to do, these jobs would not have been suitable to plaintiff's restrictions. Without a job description the Full Commission is unable to determine whether plaintiff could have performed these jobs if offered.
14. There is insufficient evidence from which to find that plaintiff tried to sabotage his employment prospects by talking about his medical restrictions.
15. Based upon the greater weight of the evidence, plaintiff has not unjustifiably refused to cooperate with vocational rehabilitation efforts; plaintiff has not heretofore been ordered by the Industrial Commission to cooperate with vocational rehabilitation; and plaintiff has not refused suitable employment.
16. There are insufficient grounds for terminating or suspending plaintiff's workers' compensation benefits.
17. Defendant has not rebutted plaintiff's presumption of continuing disability created by the I.C. Form 21 Agreement.
18. The jobs plaintiff sought paid minimum wages or slightly above minimum wages which would be substantially less than plaintiff's pre-injury wages.
 ***********
Based on the foregoing findings of fact and stipulations, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On January 20, 1993 plaintiff sustained an admittedly compensable injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff did not unreasonably or unjustifiably refuse to cooperate with vocational rehabilitation. N.C. Gen. Stat. § 97-25.
3. Plaintiff was never ordered by the Industrial Commission to cooperate with vocational rehabilitation. N.C. Gen. Stat. § 97-25;Maynor v. Sayles Biltmore Bleacheries, 116 N.C. App. 485;448 S.E.2d 382 (1994).
4. Defendant has failed to produce sufficient evidence to overcome plaintiff's presumption of continuing disability arising out of the I.C. Form 21 filed in this case.Saums v. Raleigh Community Hospital, 346 N.C. 760, 487 S.E.2d 746
(1997).
5. Plaintiff is entitled to resumption of his temporary total disability compensation from the date benefits were stopped on August 21, 1995.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to the attorney fee provided for below, for plaintiff's compensable injury defendant shall resume payment of plaintiff's temporary total disability compensation at the rate of $369.78 per week from the date benefits were stopped on August 21, 1995 through the date of hearing and continuing until further order of the Industrial Commission. The accrued amounts shall be paid in a lump sum.
2. A reasonable attorney fee of twenty-five percent of the compensation due plaintiff herein is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of the lump sum due plaintiff shall be paid directly to plaintiff's counsel; and, thereafter, plaintiff's counsel shall directly receive 25% of each week's disability compensation due the plaintiff.
3. Defendant shall pay all medical expenses incurred or to be incurred in the future by the plaintiff as a result of his occupational disease for so long as such examinations, evaluations and treatments tend to effect a cure or give relief when the bills for same have been submitted and approved through the procedures adopted by the Industrial Commission.
4. Defendant shall pay the costs.
 ORDER
It is FURTHER ORDERED that plaintiff shall cooperate with reasonable vocational rehabilitation efforts of the defendant or be subject to suspension of benefits.
 S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ______________________ LAURA K. MAVRETIC COMMISSIONER
S/ ______________________ DOUGLAS E. BERGER DEPUTY COMMISSIONER