J. C. McCASKILL et al. v. SARAH E. WALKER et al.

(Filed 25 March, 1908).

1. **Deeds and Conveyances — Chain of Title — Presumptive Possession.**

    Plaintiff, claiming lands by virtue of paper title from A. against defendants in possession, must show a connected chain of title before the provisions of Revisal, sec. 386, as to presumptive possession, will apply.

2. **Same—Chain of Title—Common Source—Adverse Possession—Evidence—Pleadings.**

    When plaintiff claimed the *locus in quo* from the defendants in possession, and failed to establish his chain of title, and seeks to recover by showing that he and defendants claimed under W. as a common source, and that defendants were estopped to deny title therein, it was proper for the court below not to allow the plaintiff, under defendants' objection, to put in evidence a part of a sentence of the answer alleging that W., the ancestor of defendants, was in open, notorious and adverse possession, under known and visible lines and boundaries, when such destroys the sense in which the entire admission is made and perverts its meaning.

3. **Evidence—Pleadings—Meaning Perverted.**

    When a paragraph of a pleading states a proposition complete in itself as a whole, it cannot be "cut up" into different and distinct propositions, so as to change its meaning from that which, by reasonable construction, the pleader has therein stated.

4. **Adverse Possession — Chain of Title — Common Source — Evidence—Pleadings.**

    When defendants' answer alleges adverse possession in A., insufficient in itself in point of duration to ripen the title, but that his with their adverse possession would do so, such allegation introduced in evidence would not avail plaintiff upon showing that the deed of A. was a chain in their paper title, as the defendants cannot be said to claim under A.

5. **Same — Chain of Title — Adverse Possession — Evidence — Sufficiency.**

    When plaintiff failed to connect his chain of paper title and seeks to introduce the answer as an admission that A., as a common source of title, held the *locus in quo* adversely, under known and visible metes and bounds, it was necessary for plaintiff to show that the adverse possession of A. was sufficient in time to ripen title in him.

6. **Pleadings—Admissions—Evidence.**

> When issuable matters are not controverted in the pleadings, it is.unnecessary to introduce them in evidence; but when they are independent of and collateral to the issues raised, they are only available as evidence when properly introduced.

ACTION tried before *Jones, J.,* and a jury, at December Term, 1907, of ROBESON.

Plaintiffs allege that they are the owners and entitled to the possession of the *locus in quo,* and that defendants are in the wrongful possession thereof, and they demand judgment. Defendants deny each allegation of the complaint, and for further answer say: That the defendants are advised and believe, and therefore aver, that the plaintiffs claim title to the lands described in the complaint under and by virtue of an alleged conveyance purporting to have been executed by John Walker and wife to one H. J. McLean, bearing date of 2 June, 1869, and purporting to have been recorded in Book JJJ, page 257, office of the Register of Deeds of Robeson County; and the defendants allege that the said alleged paper-writing was never in fact executed and delivered by the said John Walker to the defendant H. J. McLean or to any other person for him, and that the same was wholly without consideration, and that the said alleged paper-writing, together with the attempted registration thereof in the office of Register of Deeds of Robeson County, is fraudulent and void and of no legal effect as a conveyance; that for a long time before the date of the said alleged conveyance, and continually from that time up to the present, John Walker, the ancestor of defendants, and these defendants, his widow and heirs at law, since his death, have been in the open, notorious and adverse possession of all of said lands under known and visible lines and boundaries, using the same to the exclusion of the plaintiffs and those under whom they claim and of all other persons.

Plaintiffs introduced a grant from the State to Jacob Alford, dated 3 October, 1765; a deed from James McNeill to McDuffie, 11 January, 1806; a deed from McDuffie to John

Walker, Sr., 28 October, 1811; a deed from John Walker, Sr., to John Walker, Jr., 11 March, 1853, and a deed from John Walker, Jr., to Hector J. McLean, 2 June, 1869. Hector McLean died intestate, December, 1870, leaving plaintiff Lola Wright and three others his heirs at law. Plaintiff Mc-Caskill introduced deeds from them to himself for their individual interests. All of the deeds were duly recorded. The summons issued 29 August, 1901.

The plaintiffs proposed to offer in evidence so much of the said paragraph as stated that for many years before his death John Walker had been, in possession of the land. The defendants objected. Thereupon the court requested plaintiffs' counsel to indicate just what parts or words of the paragraph they wished to offer and the court would then rule upon the matter. Counsel declined to do this, stating that the sentence was so involved that they could not offer connected words that would make sense.

The court then proposed to allow the plaintiffs to offer the entire paragraph or such connected words as would make sense, if they would indicate what words they desired to offer. This plaintiffs declined to do, for the reason above stated. The plaintiffs then proposed to offer in evidence so much of paragraph 10 of the amended answer as alleges that, for a long time before the date of the alleged conveyance, John Walker, the ancestor of the defendants, was in open, notorious and adverse possession of all of said lands under known and visible lines and boundaries.

To this evidence the defendants in apt time objected. Objection sustained, because plaintiffs' counsel again declined to offer such connected part or words as would make sense, as above set forth.

The plaintiffs here rested their case. Thereupon the defendants moved for judgment as in cases of nonsuit. The motion was allowed, and plaintiffs excepted and appealed.

*McIntyre, Lawrence & Proctor* for plaintiffs.
*McLean & McLean* for defendants.

CONNOR, J., after stating the case: Plaintiffs, having shown title in Alford, could make out their case either by connecting themselves with such title and relying upon the presumption raised by the statute (Revisal, sec. 386), that they were possessed of the land "within the time required by law" (section 383), or, failing to connect themselves with Alford, by showing an adverse possession in themselves or those under whom they claimed for a period sufficient to give them title. *Mobley v. Griffin,* 104 N. C., 499; *Hunneycole v. Brooks,* 116 N. C., 788. It being conceded that they failed to show a connected chain of paper title, they could not avail themselves of the statutory presumption, and hence they were compelled to rely upon a title originating in an ouster of the owner, with continued adverse possession, until by lapse of time they acquired title. Failing to show such ouster and adverse possession, they could not recover, unless by showing that they and defendants claimed under a common source, when they could estop the defendants from denying title in such common source. This they sought to do by offering to introduce a portion of paragraph 10 of the answer. We concur with his Honor that they could not so disconnect the words of the pleader as to destroy the sense in which they were used. The purpose of a trial is to show forth the truth. The language used by parties in pleading or elsewhere must be given in evidence in such a way as to enable the jury to see what, by reasonable interpretation, they intended to say and did say. In their answer the defendants said in a connected narrative that John Walker, their ancestor, and themselves after his death, had been for a long time prior to 22 June, 1869, the date of an alleged deed, in the adverse possession of the land in controversy. This admission, as made, plaintiffs were entitled to put in evidence. His Honor offered to permit them to do so, or to put in such parts thereof as "would make

sense." Certainly the plaintiffs could not do otherwise. His Honor further asked them to indicate what portion of the paragraph they offered—what words they wished to introduce. This they declined to do. We concur with his Honor that they could not in a general way, without designating the language which they proposed to introduce, put in evidence a portion of the paragraph. We think that the paragraph, correctly read, states one proposition, which cannot be separated and "cut up" into different and distinct propositions. While it is not always easy to draw the line by which portions of a pleading may be separated from other portions and introduced, we think it clear that, where there is but one proposition stated, it should not be separated so that the pleader is made to say something which he never intended, and which by reasonable construction he has not said. The defendants deny that plaintiffs are the owners of the land in controversy. This denial puts the plaintiffs to proof of their allegation. Defendants, for further defense, make certain averments, the burden of which is upon them. If in doing so they make admissions which aid the plaintiffs in making out their title, they are entitled to put such admissions in evidence. In doing so, however, they may not, by discarding such parts of the language and cutting up the sentence, destroy the sense in which the entire admission is made. To do this would be to mislead and not enlighten the jury. The plaintiffs construe the admission to be that defendants claim under John Walker. We do not think this a fair construction of the language. They say that John Walker was in the adverse possession of the land prior to 22 June, 1869, and that since his death they have been in adverse possession. If John Walker ousted the true owner and remained in adverse possession until he acquired title by lapse of time, and died, his heirs would be in by descent under him; but if he ousted the owner and died before his disseizin ripened into title, and defendants then went into the adverse possession and remained until, either by their possession or by tacking that of their ancestor, they

acquired title, it cannot be said that they claim under him. John Walker died in 1871. If the plaintiffs had shown possession in him since the date of his deed, 1853, they could have sustained their contention that defendants, his heirs at law, claimed under him, but they proposed by introducing the answer to show simply that "for a long time prior to the date of the alleged deed" he was in the adverse possession. This falls short of showing title in John Walker, so as to compel defendants to claim under him. Besides, the allegation is that Walker and defendants have been in the adverse possession of the land under known and visible boundaries, claiming against the plaintiffs and all others. If the admission is treated or offered by plaintiffs as evidence, it would show an adverse possession against plaintiffs since 1870, which, without color, would bar plaintiffs' entry, independent of any possession by Walker. We concur with his Honor's ruling excluding the proposed testimony. We are further of the opinion that if the admission were introduced it would fail to show that plaintiffs and defendants claimed under Walker. When issuable allegations are made in the complaint and admitted in the answer, it is not necessary to introduce the pleading. *Leathers v. Tobacco Co.,* 144 N. C., 330. The matters set up in the seventh and tenth paragraphs of the answer were independent of and collateral to the issues raised by the allegations in the complaint and denied in the answer. Plaintiffs were first called upon to make out their case to the extent of showing a *prima facie* title. They could avail themselves, for this purpose, of the averments in the answer of new matter only by introducing it in evidence. For manifest reasons they could not do this as pleaded, and, as we have seen, they could not so separate parts of sentences and paragraphs as to destroy the sense of the admission. In the condition of the case at the conclusion of plaintiffs' evidence, they having failed to make out a *prima facie* case, his Honor properly rendered judgment of nonsuit. There is

No Error.