T. J. FINCH, TRUSTEE OF P. S. CECIL, v. P. S. CECIL AND WIFE,
ABBIE W. CECIL.

(Filed 17 November, 1915.)

**1. Husband and Wife—Estates by Entireties—Creditors—Fraud.**

Where a conveyance of lands is made to the husband and wife in entireties, expressing a valuable consideration, it will not be set aside at the suit of the husband's trustee in bankruptcy, alleging it was purchased with the money of the husband, while insolvent, for the purpose of defrauding his creditors in having it conveyed to him and his wife, there being no evidence of the insolvency or fraud of the husband at the time of the deed, and evidence that he was then indebted to his wife.

**2. Same—Retaining Property—Interpretation of Statutes.**

A conveyance of lands to husband and wife by entireties which was paid for by the husband will not be considered as fraudulent with respect to his creditors, when he retained property amply sufficient to pay them at the time of the deed. Revisal, sec. 962.

APPEAL by plaintiff from *Justice, J.,* at August Term, 1915, of DAVIDSON.

*Emery E. Raper and Walser & Walser for plaintiff.*
*L. A. Martin and Phillips & Bower for defendants.*

CLARK, C. J. ' This is an action by the trustee in bankruptcy of P. S. Cecil to subject certain lands now held in entirety by the said bankrupt, P. S. Cecil, and his wife to payment of the debts due by P. S. Cecil. The plaintiff alleges that said P. S. Cecil was insolvent for more than two years before he failed, and that during that time he took deeds in the joint names of himself and wife for said lands, which were paid for by said P. S. Cecil alone, and that the title was thus taken in entirety to hinder and delay his creditors, and asking that the said Cecil and wife be adjudged to hold said lands in trust for his creditors and that the same be sold by the plaintiff under the orders of the court. The defendants allege that P. S. Cecil was not insolvent at any time prior to the bankrupt proceeding, and that the said deeds were not voluntary, but were made in the usual course of dealing, without any purpose of delaying, hindering or defeating creditors.

Taking the evidence in the most favorable light, the plaintiff failed to show insolvency on the part of P. S. Cecil, fraud or intention to hinder and delay his creditors. The deeds in question, according to the evidence, were based on good consideration. Even if the deeds were voluntary the joining of the wife as grantee would not make them fraudulent if sufficient property was retained to fully satisfy the then creditors of P. S. Cecil. Revisal, 962.

The plaintiff's evidence showed that both defendants owned some property and that in one case the land was bought by the husband and

wife jointly, she being made one of the grantees, it would seem, because, according to the evidence, her husband was indebted to her.

There being no sufficient evidence to contradict the express terms of the deeds, which recite that they are based on a valuable consideration, or to show that the grantors therein executed them through fraud, or that the defendants participated in any fraud, and in the absence of evidence that any of said lands were conveyed to defendants to hinder, delay, or defeat the rights of creditors, and the plaintiff having failed to establish the insolvency of the defendant P. S. Cecil, or to show that he did not retain property sufficient and available to satisfy his then creditors, the judgment of nonsuit was properly granted.

Affirmed.