### G. F. MOOREFIELD v. R. L. ROSEMAN ET AL.

(Filed 6 June, 1930.)

**Fraudulent Conveyances C e—Joinder of beneficiaries in deeds of trust in action to set aside the deeds as fraudulent is not misjoinder.**

In an action by a judgment creditor to set aside alleged fraudulent conveyances of property by deeds of trust and mortgages as made to hinder delay and defraud him in the collection of his judgment under execution, the joinder therein of the grantees and beneficiaries in the deeds is not objectionable as a misjoinder, C. S., 456, and demurrer to the complaint alleging such conveyances entered on the ground of misjoinder of causes and parties, and that it failed to state a cause of action is properly overruled.

APPEAL by defendants from *Stack, J.,* at November Term, 1929, of ROWAN. Affirmed.

This is an action to have certain transfers of personal property and certain conveyances of land by mortgages and deeds of trust, made by defendant R. L. Roseman to his codefendants, declared void as against the plaintiff, a judgment creditor of said defendant, for that same were made with intent to hinder, delay and defraud plaintiff in the collection of his judgment.

From judgment overruling demurrers to the complaint, defendants appealed to the Supreme Court.

*P. S. Carlton and R. Lee Wright for plaintiff.*
*Rendleman & Rendleman for defendants.*

PER CURIAM. At February Term, 1929, of the Superior Court of Rowan County, in an action begun in said court on 15 August, 1928, plaintiff recovered of the defendant, R. L. Roseman, a judgment for the sum of $725 as damages resulting from an assault committed on plaintiff by said defendant. The said judgment has not been satisfied, notwithstanding executions have been issued against both the property and the person of the defendant. The execution against the property of the defendant was returned unsatisfied; the defendant has procured his discharge from the execution against his person by taking the oath prescribed by statute for insolvent debtors. C. S., 1631.

In this action plaintiff alleges that at the commencement of the action in which plaintiff recovered judgment against the defendant, R. L. Roseman, the said defendant was the owner of considerable property, both real and personal; that during the pendency of said action, in anticipation of plaintiff's recovery therein, and with intent to hinder, delay and defraud the plaintiff, the said defendant transferred his personal property and conveyed his real estate by mortgages and deeds of trust to certain of his codefendants; that the defendants to whom he transferred his personal property paid nothing therefor, and that the alleged indebtedness secured by the mortgages and deeds of trust, was and is, wholly or in part, fictitious. Upon the allegations of his complaint, plaintiff prays judgment that said transfers and said mortgages and deeds of trust be declared void, to the end that the personal property and the real estate transferred and conveyed thereby may be subjected to the payment of his judgment.

Plaintiff moved that the beneficiaries named in the mortgages and deed of trust be made parties defendant. This motion was allowed. It was ordered that plaintiff have thirty days within which to have summons served on new parties.

There was no error in the judgment overruling the demurrer for that the facts stated in the complaint are not sufficient to constitute a cause of action, or for that several· causes of action have been improperly united. The facts stated in the complaint constitute a cause of action against the defendant, R. L. Roseman; the other defendants are necessary parties for a complete determination of the action. C. S., 456. The judgment is

Affirmed.