GURNEY P. HOOD, COMMISSIONER OF BANKS, EX REL. PINETOPS BANKING COMPANY, v. JAMES L. COBB AND EMMA D. COBB.

(Filed 10 October, 1934.)

**1. Fraudulent Conveyances A d—Failure to retain property sufficient to pay existing debts is prerequisite to presumption of fraud.**

In an action to set aside a voluntary deed as being fraudulent as to creditors of the grantor, the failure of the debtor to retain property sufficient and available to satisfy his then existing creditors is necessary to raise the presumption of fraud, since the statute, C. S., 1007, destroyed the presumption of fraud theretofore arising from the fact of the grantor's indebtedness, and made such indebtedness merely evidence tending to show an intent to delay, hinder and defraud creditors.

**2. Fraudulent Conveyances C d—**

The burden is on plaintiff in an action to set aside a deed as being fraudulent as to creditors to prove that the grantor failed to retain property sufficient and available to pay his then existing creditors.

**3. Fraudulent Conveyances C e—Tax valuation of debtor's lands held competent on issue of his intent to defraud creditors.**

In an action to set aside a deed as being fraudulent as to creditors evidence of the tax valuation of the other lands of the debtor at the time of the conveyance is competent on the issue of intent to hinder, delay and defraud creditors as tending to show the debtor had reason to believe he was retaining property sufficient and available to pay his then existing creditors.

**4. Same—Commissioner's deed to part of debtor's lands, executed three years after voluntary conveyance attacked, held incompetent.**

A commissioner's deed of sale of part of the lands of the debtor, executed three years after the execution of the deed sought to be set aside as being fraudulent as to creditors, *is held* incompetent, the issue being the value of all the debtor's lands at the time of the voluntary deed attacked in the action.

**5. Trial E f—**

An objection to the statement of the contentions of a party by the trial court must be made in time to afford the court opportunity to make correction in order to be available on appeal.

Appeal by plaintiff from *Small, J.,* at April Term, 1934, of Edgecombe. No error.

This was an action instituted by the plaintiff as the liquidating agent of the Pinetops Banking Company, one of the creditors of the male defendant, against James L. Cobb and Emma D. Cobb to have declared void a deed executed by the male defendant to the *feme* defendant, his wife, for that such conveyance was a voluntary gift or settlement of property by one indebted, without retaining property fully sufficient and available to satisfy his then existing creditors, and made with intent to hinder, delay and defraud the creditors of the grantor.

The material allegations of the complaint were denied by the defendants, and the case was submitted to the jury upon the following issues:

1. Is the deed from James L. Cobb to his wife, Emma D. Cobb, dated 22 November, 1930, a voluntary conveyance, as alleged in the complaint?

2. Did James L. Cobb at the time of executing said deed retain property in his own name fully sufficient and available to pay his then existing creditors, as alleged in the answer?

3. Did James L. Cobb execute said deed with the intent to hinder and delay or defraud his creditors, as alleged in the complaint?

The jury, under the direction of the court, answered the first issue "Yes," in favor of the plaintiff; and, under the evidence and charge, answered the second issue "Yes," and the third issue "No," in favor of the defendants. Whereupon the court entered judgment adjudging that the conveyance executed by the defendant James L. Cobb to his codefendant, Emma D. Cobb, his wife, on 22 November, 1930, was a legal and valid instrument, and that the plaintiff recover nothing by his action and be taxed with the costs. To this judgment the plaintiff objected and excepted, and appealed to this Court.

*Henry C. Bourne for appellant.*
*Gilliam & Bond for appellees.*

Schenck, J. There are ten assignments of error in the record, six of which, Nos. 3, 4, 6, 7, 8, and 9, are to the action of the court in placing

the burden of proof upon the plaintiff on the second issue, that is, placing upon the plaintiff the burden of showing by a preponderance of the evidence that the defendant James L. Cobb, at the time of the conveyance, 22 November, 1930, did not retain property fully sufficient and available to pay his then existing creditors.  We think his Honor was correct in so placing the burden of proof.  The plaintiff's alleged cause of action is governed by the provisions of C. S., 1007.  This section, in part, reads: "No voluntary gift or settlement of property by one indebted shall be deemed or taken to be paid in law, as to creditors of the donor or settler prior to such gift or settlement, by reason merely of such indebtedness, if property, at the time of making such gift or settlement, fully sufficient and available for the satisfaction of his then creditors, be retained by such donor or settler;  .  .  ."  The effect of this statute is to destroy any presumption of vitiating fraud in the making of a voluntary gift or settlement solely from the indebtedness of the donor or settler, and to make the failure to retain property fully sufficient and available for the satisfaction of creditors a requisite of such presumption.  Hence it was necessary for the plaintiff to allege, as he did allege, not only that the male defendant was indebted, but also that said defendant, the grantor in the deed attacked, failed to retain such sufficient and available property.  The *allegata* being a requisite, it follows that the *probata* was also a requisite.

The fifth syllabus of the case of *Shuford v. Cook,* 169 N. C., 52, which correctly interprets the opinion, reads as follows: "In an action to set aside a husband's deed to his wife for fraud as to his creditors, the presumption formerly arising from a voluntary conveyance is removed and the indebtedness of the husband is evidence only from which the intent may be inferred, and a requested instruction is properly refused which requires the defendant to satisfy the jury by the greater weight of the evidence that he retain property fully sufficient and available.  Revisal, sec. 962" (C. S., 1007).  See, also, *Finch v. Cecil,* 170 N. C., 114.

*Clarkson, J.,* in *Wallace v. Phillips,* 195 N. C., 665 (672), cited in both briefs in this case, says: "The defendants demur on the ground that the complaint 'does not allege the insolvency of the defendant Phillips (whose deed to his wife was under attack by creditors), and that he did not retain sufficient property to pay his debts.'  We think the complaint to be good should have alleged that at the time of making such gift or settlement property fully sufficient and available for the satisfaction of his then creditors was not retained.  This was a material ingredient of the cause of action and should have been alleged."

"Whenever, whether in plea or replication or rejoinder or surrejoinder, an issue of fact is reached (says 2 Wharton Ev., sec. 354), then, whether the party claiming the judgment of the court asserts an affirma-

tive or negative proposition, he must make good his assertion.   On him lies the burden of proof."   *Cook v. Guirkin,* 119 N. C., 13.

"Whenever the establishment of an affirmative case requires proof of a material negative allegation, the party who makes such allegation has the burden of proving it."   22 C. J., par. 15.

We think his Honor's charge was logical and in accord with the rules of pleading and practice, and with the decisions of this Court.

C. S., 1007, continues:   ".   .   .   but the indebtedness of the donor or settler at such time shall be held and taken, as well with respect to creditors prior as creditors subsequent to such gift or settlement, to be evidence only from which an intent to delay, hinder or defraud creditors may be inferred; and in any trial shall, as such, be submitted by the court to the jury, with such observations as may be right and proper." Pursuant to this latter provision of the statute, under the third issue, the court submitted, with proper observations, to the jury the admitted indebtedness of the male defendant as evidence tending to show an intent to delay, hinder, and defraud creditors.   There was no exception taken to the charge as it related to this issue.

The objection in the first assignment of error to the introduction of the tax valuation of defendants' lands for 1930 cannot be sustained for that, while such tax valuation may not be competent evidence of values, it was at least competent upon the third issue as tending to show that the male defendant had grounds to think he had sufficient land value to pay his indebtedness in 1930, and therefore did not execute the deed with intent to defraud his creditors.   The plaintiff's objection in the second assignment to the court's declining to admit in evidence a commissioner's deed of sale of a part of the land of the defendants in November, 1933, is untenable, as the deed tended to prove, if it tended to prove anything, only the value of a part of the land in 1933, when the issue was the value of all of the land in 1930.   This deed was also *res inter alios acta.* The objection in the fifth assignment is likewise untenable, as any error in the portion of the charge to which objection was made was in the statement of the contentions of the parties, and to have availed the plaintiff must have been made at the time, so as to afford opportunity to make correction.   *Green v. Lumber Co.,* 182 N. C., 681.   The objection in the tenth assignment to the refusal of the court to set aside the verdict and to the signing of the judgment is formal and is disposed of by the rulings of the court upon the other exceptions.

We conclude that in the trial below there was

No error.