VIRGINIA-CAROLINA LAUNDRY SUPPLY CORPORATION, PLAINTIFF, v. LEROY SCOTT, TRUSTEE; AND ELIZABETH M. STANLEY AND HER HUSBAND, J. C. STANLEY, DEFENDANTS.

(Filed 4 May, 1966.)

1. Fraudulent Conveyances § 3—

   In an action by a judgment creditor against the judgment debtors and the trustee to set aside as a fraudulent conveyance the deed of trust executed by the judgment creditors to secure a note payable to bearer unknown to the judgment creditor, the *cestui que trust* is not a necessary party.

SUPPLY CORP. *v.* SCOTT.

**2. Trial § 21—**

Upon motion to nonsuit, the evidence offered by plaintiff is to be considered as true and all reasonable inferences favorable to plaintiff are to be drawn therefrom.

**3. Evidence § 20—**

Where plaintiff in an action to set aside a deed of trust as fraudulent to creditors alleges that the deed of trust was voluntary in the sense of being without consideration, and defendants do not object to the admission in evidence of an excerpt from their answer admitting that the instrument was voluntary, without the introduction of other allegations in the answer disclosing that defendants were using the word "voluntary" in the sense of being without compulsion, and defendants do not amend, the excerpt from the answer is properly admitted as an unqualified admission that the deed of trust was voluntary in the technical sense.

**4. Fraudulent Conveyances § 3—**

In an action to set aside a deed of trust as being fraudulent to plaintiff creditor, the burden is on plaintiff to prove that the instrument, even though voluntary, was executed with actual fraudulent intent or that the creditors did not retain property sufficient to pay their then existing debts.

**5. Same—**

Evidence tending to show that defendant creditors did not list for taxation in one county real or personal property then sufficient to pay plaintiff's claim is alone insufficient to show that the creditors did not retain property sufficient to pay their then existing debts, but where plaintiff introduces in evidence the admission in defendants' answer that the deed of trust was voluntary there is sufficient evidence tending to show an intent to delay, hinder, and defraud creditors to carry the case to the jury. G.S. 39-17.

MOORE, J., not sitting.

BOBBITT and SHARP, J.J., dissent.

APPEAL by plaintiff from *Parker, J.,* September 1965 Session of BEAUFORT.

This is an action to set aside and have declared void a deed of trust upon a house and lot in the City of Washington, North Carolina, on the ground that it was and is a fraudulent conveyance.

The following facts are alleged in the complaint and admitted in the answer:

In May 1963 the plaintiff recovered a judgment against Elizabeth M. Stanley and J. C. Stanley, her husband, jointly and severally, for $4,737.21, which is duly docketed in the office of the Clerk of the Superior Court of Beaufort County. This judgment was for the unpaid portion of the purchase price of certain cleaning plant equipment sold by the plaintiff to Mr. and Mrs. Stanley in 1960. On 5 April 1962 the plaintiff, by registered mail, made de-

mand on Mr. and Mrs. Stanley for payment of the balance so due to it from them. On 16 April 1962 there was recorded in the office of the Register of Deeds for Beaufort County the deed of trust in question from Mr. and Mrs. Stanley to LeRoy Scott, Trustee, which recites that it is for the purpose of securing payment of a note made by Mr. and Mrs. Stanley, payable to bearer on demand in the amount of $10,000. At the time the deed of trust was executed, Mrs. Stanley was the owner of the house and lot and did not own any other real property. The deed of trust was a voluntary conveyance. (Apparently this was not intended by the defendants as an admission that the conveyance was "voluntary" in the technical, legal sense of being without consideration, since the answer alleges elsewhere that the deed of trust was given in good faith to secure a bona fide indebtedness.)

The following is alleged in the complaint and denied in the answer:

The deed of trust was executed and delivered in bad faith and with the fraudulent intent to defeat, hinder, delay and impair the rights of the plaintiff, as creditor of Mr. and Mrs. Stanley. The note which the deed of trust purports to secure is a false and fictitious instrument made in bad faith and with the fraudulent intent to deprive the plaintiff of its rightful collection of the indebtedness so owed to it by Mr. and Mrs. Stanley. Mr. and Mrs. Stanley, at the time of executing and delivering the said deed of trust, fraudulently failed to retain sufficient property for the satisfaction of the plaintiff's claim, which was subsequently reduced to the above mentioned judgment.

In addition to the portions of the answer containing the above mentioned admissions by the defendants, the plaintiff offered in evidence exhibits consisting of the said judgment, the deed of trust, and the tax records of Beaufort County for the years 1962, 1963 and 1964, showing the property listed in those years by Mr. and Mrs. Stanley, formerly Mrs. Elizabeth B. Odom, for taxation in Beaufort County. These tax listings include no real property other than the house and lot described in the said deed of trust, and the total of personal property so listed is substantially less than the balance due upon the plaintiff's judgment. The plaintiff also offered evidence to show that the house and lot in question are worth $6,500.

The deed of trust so offered in evidence by the plaintiff recites that the grantors, Mr. and Mrs. Stanley, are justly indebted to the bearer of a note under seal in the sum of $10,000, dated 15 July 1961, payment of which note the deed of trust secures. The deed of trust is also dated 15 July 1961, but it was not filed for registration

until 16 April 1962. The deed of trust, if valid, also conveyed to the trustee for the said purpose a boat and motor, two automobiles and a diamond ring.

The plaintiff assigns as error the allowance of the defendants' motion for judgment as of nonsuit at the conclusion of the plaintiff's evidence.

*Frazier T. Woolard for plaintiff appellant.*
*Carter & Ross for defendant appellees.*

LAKE, J. The first question to be determined is whether the holder of the note which the deed of trust purports to secure is a necessary party to this action. In *Hancock v. Wooten,* 107 N.C. 9, 12 S.E. 199, certain creditors, in behalf of themselves and all other creditors of the grantor, attacked as a fraud upon creditors a deed of assignment to a trustee to secure payment of claims specified therein. One of the creditors so preferred died. The trustees contended that her representative was a necessary party to the action. Shepherd, J., later C.J., speaking for the Court, said:

> "[W]e will consider the single question here presented, to wit, whether in an action brought by a creditor to set aside an alleged fraudulent trust or assignment, it is *necessary,* upon the trial of an issue as to the validity of the trust of assignment, that the *cestuis que trustent* should be made parties defendant; and whether the trustee, as a matter of right can, in all cases, have them made co-defendants. In *Barrett v. Brown,* 86 N.C. 556, cited by the appellants, there is a general expression favoring the affirmative of the proposition, but it will be noted that the plaintiff in that case was seeking to *enforce* the trust by having an account taken, in order that she might have her *'pro rata* share of her claim,' and the court very properly decided that the trustee had a right to have each *cestui que trust* present, in order that he might contest the claims of others, and thus protect the trustee, and have a complete settlement of the whole litigation. Quite different is the case before us.

> \* \* \*

> "Adhering, as we do, to the principle as laid down, that the *cestuis que trustent* are not *necessary* parties in actions to set aside deeds of trust or assignments for the benefit of creditors, we think that we are authorized, under the liberal provisions of The Code, to say that a creditor *may* join the *cestuis que trustent* in such an action, and that the *cestuis que trustent* may

themselves apply to be made parties defendant. But while they may thus be made parties, we do not think that the death of any, or all, of them, pending the suit, should be a cause of delaying the trial of the issue touching the validity of the deed, unless it appears that the trustee is not defending in good faith, or that the ends of justice will be better subserved by having the representatives present. This is addressed to the wise discretion of the court, to be exercised in view of the particular circumstances attending each case."

In *Moorefield v. Roseman,* 198 N.C. 805, 153 S.E. 399, suit was brought to have certain conveyances of land by mortgages and deeds of trust declared void as against the plaintiff, a judgment creditor of the grantor, on the ground that they were made with intent to hinder, delay and defraud the plaintiff in the collection of his judgment. The plaintiff moved that the beneficiaries "named in the mortgages and deed of trust" be made parties defendant. The motion was allowed and the defendants demurred to the complaint. This Court said:

"There was no error in the judgment overruling the demurrer for that the facts stated in the complaint are not sufficient to constitute a cause of action, or for that several causes of action have been improperly united. The facts stated in the complaint constitute a cause of action against the defendant, R. L. Roseman [debtor grantor]; the other defendants are necessary parties for a complete determination of the action."

It will be noted the "other defendants" were joined on the motion of the plaintiff and also that they were specifically named as beneficiaries of the conveyance attacked. A holding that they were proper parties would have been equally sufficient to support the decision.

In 37 C.J.S., Fraudulent Conveyances, § 346(f), it is said:

"It has been held that *cestuis que trust* are not necessary defendants in a bill to set aside a conveyance in trust, but there is other authority to the contrary. Likewise the authorities are not uniform on the question as to whether, in an action to set aside as fraudulent a deed of trust made for the purpose of preferring certain creditors, such preferred creditors are necessary parties or not. In some decisions it is held that it is sufficient to make the trustee a party defendant, while other decisions hold that such preferred creditors are necessary parties even where the trustee is made a defendant."

In 24 Am. Jur., Fraudulent Conveyances, § 205, Supp., note 16.53, it is said:

> "Where the trustee is a party defendant, he may be regarded as representing the beneficiaries and as having the right to defend the action for them, with the result that, in an action brought in opposition to the trust, or to set aside the instrument by which it was created, the suit may be maintained against the trustee alone, without making the *cestuis* parties defendant."

In the present case, the note which the deed of trust purports to secure is payable to bearer. The plaintiff alleges it is "a false and fictitious paper writing," and that the identity of the supposed bearer "remains unknown to plaintiff." The trustee in the deed of trust which purports to secure the payment of such note is a party to the action and has participated actively in its defense. Under these circumstances, whatever may be the situation where the holder of the indebtedness is named in the deed of trust and known, the holder of the alleged note cannot be deemed a necessary party to the action to set aside the deed of trust which purports to secure it. We do not have before us the question of the right of the trustee, or of the plaintiff, to disclose to the court the identity of such holder and to make the holder a party to the action.

We come next to the question of whether the evidence introduced by the plaintiff is sufficient to survive the motion for judgment as of nonsuit. It is elementary that upon such motion the evidence offered by the plaintiff is to be considered as true and all reasonable inferences favorable to the plaintiff are to be drawn therefrom.

If, in order to survive a motion for judgment of nonsuit in this action, the plaintiff must offer evidence sufficient in itself to show that its debtors, the defendant grantors in the deed of trust, did not retain property sufficient to pay their indebtedness to the plaintiff (no other debts being shown in the record), the judgment of nonsuit must be sustained since the only evidence offered by the plaintiff, upon this point, consisted of the tax listings by such defendants of their tangible properties in Beaufort County. Such listings tend to show that these defendants owned no land in Beaufort County, other than the land described in the deed of trust, and did not own tangible personal property in Beaufort County sufficient to pay the judgment held by the plaintiff. (There was also evidence that the value of the land described in the deed of trust is less than the face amount of the note which the deed of trust purports to secure.) Such tax listings do not negative the possibilities that these defend-

ants, after executing the deed of trust in question, retained, and still retain, bank accounts or other intangible properties in Beaufort County or elsewhere, or tangible property, real or personal, located in another county, sufficient to pay the claim of the plaintiff and whatever other indebtedness these' defendants may owe. Therefore, the evidence introduced by the plaintiff is not sufficient, alone, to show that the defendant grantors did not retain property sufficient to pay their debts when they executed the deed of trust now under attack.

However, paragraph 22 of the complaint alleges, "[T]he conveyance made by the grantors was voluntary and made with the actual intent to defraud this plaintiff creditor." The answer filed jointly by the defendant grantors and the defendant trustee of the deed of trust states, with reference to this allegation:

"It is further admitted * * * that the conveyance made by the Grantors was voluntary. It is denied that said conveyance was made with intent .to defraud the plaintiff. The said note and deed of trust are bona fide instruments executed in good faith for a fair consideration."

Elsewhere in their answer, these defendants allege that the deed of trust "was given in good faith to. secure a bona fide indebtedness," and deny that the note is a "false' and fictitious" paper writing.

The plaintiff offered in evidence, in addition to the judgment under which it claims and the deed of trust it attacks, various allegations of the complaint and the corresponding admissions in the answer. Among other things, these admissions are sufficient to support a finding that the deed of trust in question, though dated earlier, was recorded some ten days after a letter to the grantors from the plaintiff stating that if the plaintiff's claim was not settled it would be referred to an attorney for handling. Included among the portions of the answer so offered in evidence was the following excerpt from paragraph 22:

"It is admitted that the defendants Stanley occupy part of the house and lot described in said deed of trust. It is further admitted that there are no entries upon the face of said deed of trust to show that any principal or interest on the consideration has been paid, *and `that the conveyance made by the Grantors was voluntary."* [Emphasis added.]

In their brief the defendants say:

"In making this admission, defendant was giving a lay, general or literal interpretation of the meaning of the word 'volun-

tary,' and has not considered the legal usage of the word as being descriptive of a conveyance which is made 'without any consideration whatsoever, or upon a consideration which is not substantial.' "

Language in paragraph 22 and other paragraphs of the answer, not offered in evidence, would indicate that the defendants, when preparing and verifying their answer, were not advertent to the meaning of "voluntary conveyance," as customarily used in connection with suits to set aside alleged fraudulent conveyances. However, it is apparent that the plaintiff did use the term in its technical, legal sense.

In *McCaskill v. Walker,* 147 N.C. 195, 61 S.E. 46, this Court held that a plaintiff, over objection by the defendant, may not introduce in evidence a portion of an allegation in the answer when such portion, considered alone, will not enable the jury to see, by reasonable interpretation, what the defendant intended to say. However, in the present case, the defendants did not object to the introduction in evidence of only a portion of their statement. They made no effort to amend their answer. The result is that the plaintiff's evidence in the present record contains an unqualified admission by the defendants that the deed of trust under attack was "voluntary." Interpreting this evidence in the light most favorable to the plaintiff, and drawing therefrom all inferences reasonable to it, as we are required to do in reviewing a judgment of nonsuit, we are brought to the conclusion that the plaintiff's evidence is sufficient to support a finding that the deed of trust was a voluntary conveyance in the technical sense.

G.S. 39-17 reads as follows:

"*Voluntary conveyance evidence of fraud as to existing creditors.*—No voluntary gift or settlement of property by one indebted shall be deemed or taken to be void in law, as to creditors of the donor or settler prior to such gift or settlement, by reason merely of such indebtedness, if property, at the time of making such gift or settlement, fully sufficient and available for the satisfaction of his then creditors, be retained by such donor or settler; but the indebtedness of the donor or settler at such time shall be held and taken, as well with respect to creditors prior as creditors subsequent to such gift or settlement, to be evidence only from which an intent to delay, hinder or defraud creditors may be inferred; and in any trial shall, as such, be submitted by the court to the jury, with such observations as may be right and proper."

In *Hood v. Cobb*, 207 N.C. 128, 176 S.E. 288, this Court held that even though it was shown that a conveyance by a debtor was voluntary (that is, not for value), the burden of proof is, nevertheless, upon the plaintiff to show that the grantor did not retain property sufficient to pay his debts. Speaking through Schenck, J., the Court said:

"The effect of this statute [G.S. 39-17] is to destroy any presumption of vitiating fraud in the making of a voluntary gift or settlement solely from the indebtedness of the donor or settler, and to make the failure to retain property fully sufficient and available for the satisfaction of creditors a requisite of such presumption. Hence it was necessary for the plaintiff to allege, as he did allege, not only that the male defendant was indebted, but also that said defendant, the grantor in the deed attacked, failed to retain such sufficient and available property. The *allegata* being a requisite, it follows that the *probata* was also a requisite."

In *Shuford v. Cook*, 169 N.C. 52, 85 S.E. 142, Clark, C.J., speaking for the Court, said:

"[T]he Act of 1840, now Revisal, 962 [G.S. 39-17], provides that the court, where there is any evidence tending to show that at the time of the alleged fraudulent conveyance the grantor retained property fully sufficient and available for the satisfaction of his then-creditors, shall submit the question to a jury 'with such observations as may be right and proper.' The presumption formerly arising from a voluntary conveyance made by a party indebted is thus removed and the indebtedness in such case is to be taken and held, in the language of Revisal, 962 [G.S. 39-17], 'to be evidence only from which an intent to delay, hinder, and defraud creditors may be inferred.' "

In *Hood v. Cobb, supra,* the Court also said:

"C.S., 1007 [G.S. 39-17], continues: '* * * but the indebtedness of the donor or settler at such time shall be held and taken, as well with respect to creditors prior as creditors subsequent to such gift or settlement, to be evidence only from which an intent to delay, hinder or defraud creditors may be inferred; and in any trial shall, as such, be submitted by the court to the jury, with such observations as may be right and proper.' Pursuant to this latter provision of the statute, under the third issue [intent to defraud], the court submitted, with

proper observations, to the jury the admitted indebtedness of the male defendant as evidence tending to show an intent to delay, hinder, and defraud creditors. There was no exception taken to the charge as it related to this issue."

Earlier decisions of this Court are to the effect that, notwithstanding this statute, there is a presumption of fraudulent intent in the case of a voluntary conveyance by a debtor and the burden rests upon the party seeking to uphold the voluntary conveyance to show retention by the grantor of property sufficient to pay his then debts. *Hobbs v. Cashwell,* 152 N.C. 183, 67 S.E. 495; *Brown v. Mitchell,* 102 N.C. 347, 9 S.E. 702; *McCanless v. Flinchum,* 89 N.C. 373; *Warren v. Makely,* 85 N.C. 12. These cases may no longer be regarded as correct statements of the law of this jurisdiction with regard to the question of which party must ultimately bear the burden of proof upon the question of retention by the grantor of sufficient property to pay his then existing debts. *Hood v. Cobb, supra,* places that burden upon the party attacking the conveyance. However, in *Garland v. Arrowood,* 177 N.C. 371, 99 S.E. 100; Walker, J., speaking for the Court, said:

"The jury have found that there was no actual intent to defraud, or, in other words, no *mala mens,* but if the defendant, the donor of the gift, failed to retain property fully sufficient and available for the satisfaction of his then creditors, the gift was void in law, without regard to the intent with which it was made. [Citations omitted.] The burden of at least going forward with proof of such retention of property is upon the defendant, where, as found in this case by the jury, there is a voluntary gift or settlement."

Therefore, though the ultimate burden of proof rests upon the plaintiff to show either actual intent by the defendant grantors to defraud their creditors or failure by them to retain property sufficient to pay their then existing debts, when the plaintiff introduced an admission by the defendants that their deed of trust was "voluntary," and introduced evidence that they were then indebted to the plaintiff, which debt has not been paid, this was evidence tending to show an intent to delay, hinder and defraud creditors sufficient to carry the case to the jury for its determination of the issue, and the judgment of nonsuit was improperly granted.

Reversed.

MOORE, J., not sitting.

BOBBITT, and SHARP, J.J., dissent.