WILBERT SPENCE, LINDA SPENCE, GEORGE JONES, PATRICIA JONES, PRESTON HUNTER, PEGGY HUNTER, EDWARD CORBETT, FRANCES CORBETT, CLEVELAND P. SANDERS, ANGELA SANDERS, DAVID M. CHAVIS, BARBARA R. CHAVIS, ROBERT PEACOCK, PHYLLIS PEACOCK, DONALD MASSENBURG, VERTINA MASSENBURG, EDWARD McKAY, JERRI McKAY, ROBERT WATKINS, MARY WATKINS, DENNIS SUTTON AND JOYCE SUTTON v. SPAULDING AND PERKINS, LTD., A NORTH CAROLINA CORPORATION; SPAULDING AND PERKINS REALTY COMPANY, A NORTH CAROLINA PARTNERSHIP; GEORGE F. SPAULDING, AND GRADY PERKINS, INDIVIDUALLY

No. 8610SC51

(Filed 2 September 1986)

1. **Brokers and Factors § 4.1— action against real estate brokers—constructive fraud—directed verdict for defendants improper**

   The trial court erred by directing a verdict for defendant real estate brokers in an action for constructive fraud where the evidence showed that defendants were plaintiffs' agents in looking for a house; plaintiffs told defendants they wanted to buy a particular house; defendants took title to the house and deeded it to plaintiffs; and defendants did not obtain plaintiffs' informed consent to the purchase of the house by defendants or to defendants' sale to plaintiffs.

2. **Unfair Competition § 1— real estate brokers—constructive fraud—unfair trade practice**

   Evidence sufficient to support a claim of constructive fraud against real estate brokers was also sufficient to support an unfair or deceptive trade practice claim where the evidence showed that the practice or act affected commerce. N.C.G.S. § 75.1-1.

APPEAL by plaintiffs Edward and Frances Corbett from *Bailey, Judge.* Judgment entered 23 July 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 10 June 1986.

*Huggard and Hensley, by John P. Huggard, for plaintiff appellants.*

*Thigpen, Blue, Stephens & Fellers, by Carlton E. Fellers, for defendant appellees.*

PHILLIPS, Judge.

The individual defendants are real estate agents and at the time involved herein were doing business in Raleigh through the corporate and partnership defendants. Though the style indicates

that this is one case brought by multiple plaintiffs with a common interest or grievance, the "case" is comprised of the unrelated, independent claims of eleven different couples and the only common factor is that all the claims are against the defendants. This appeal concerns only the claims of the plaintiffs Edward M. and Frances G. Corbett for actual and constructive fraud and unfair trade practices in connection with their purchase of a certain house in Raleigh for $39,900 while defendants were their brokers. The claims were severed for trial and at the end of plaintiffs' evidence a verdict was directed against them on all claims.

Plaintiffs' evidence included their own testimony, that of the two individual defendants and Josephus Ollison, Jr., a co-owner of the property when defendants first showed it to plaintiffs, and the documents hereafter mentioned. Viewed in its light most favorable to the plaintiffs, as the law requires, it is to the following effect: Defendants were the real estate brokers for the plaintiffs, who were looking for a house to buy, and also for Mr. and Mrs. Josephus Ollison, Jr., who owned a house they wanted to sell. While so acting defendants showed plaintiffs the Ollison house listed for sale at $39,900 and plaintiffs told defendants that they wanted to buy it. Thereafter the defendants ascertained that the Ollisons were willing to sell their house for $32,500, by receiving $1,500 in cash and the buyer assuming their $31,000 mortgage, but instead of communicating that information to plaintiffs defendants bought the house for themselves by paying the Ollisons $1,500 and assuming the mortgage. Defendants had the deed recorded and thereafter told plaintiffs that the least amount the Ollisons would sell the house for was $39,900, and that they had better act soon, as another prospect was considering buying it. Plaintiffs were willing to pay $39,900 for the house, though they would have been glad to get it for less, and they agreed to buy it, not knowing that defendants then were the owners. Defendants prepared an offer to purchase the property from the Ollisons for $39,900, which plaintiffs signed and defendants accepted on behalf of the Ollisons; defendants also signed the offer as agents for the plaintiffs. At the closing, which the Ollisons did not attend, the settlement statement showed the *Ollisons* as sellers, but the deed that plaintiffs eventually received was from the defendants. The settlement agent at the closing was Raleigh Attorney Carlton E. Fellers, who also searched the title to the property for the plain-

tiffs, drew the deeds signed by the Ollisons and the defendants, and has represented the defendants in this case from the beginning. Both deeds referred to were recorded by Mr. Fellers and both were thereafter mailed to him by the Register of Deeds. How or when plaintiffs received their deed does not appear, but according to their testimony they did not learn that it was from the defendants until several months later when they happened to look at it. When the foregoing evidence is measured against the legal principles that follow, all of which apply to the circumstances presented, it is more than sufficient to support a verdict for plaintiffs on the constructive fraud claim and we vacate the judgment appealed from.

[1] A real estate broker stands in a relation of trust and confidence to his principal. *Starling v. Sproles,* 66 N.C. App. 653, 311 S.E. 2d 688 (1984). In all matters relating to his agency a broker owes his principals an obligation of utmost fidelity and good faith. James A. Webster, Real Estate Law in North Carolina, Sec. 131 (1981). His good faith duty includes a legal, ethical and moral responsibility to secure for the principal the best bargain and terms that his skill, judgment and diligence can obtain. *Carver v. Lykes,* 262 N.C. 345, 137 S.E. 2d 139 (1964). A broker has the duty not to conceal from his principals any material information and to make full, open disclosure of all such information. *Link v. Link,* 278 N.C. 181, 179 S.E. 2d 697 (1971). A broker can neither purchase from nor sell to the principal unless the latter expressly consents thereto with full knowledge of all the facts and circumstances. *Real Estate Licensing Board v. Gallam,* 52 N.C. App. 118, 277 S.E. 2d 853 (1981). "In selling to itself, the defendant attempted to act in the double capacity of agent and purchaser — a combination so incompatible and noxious to the fundamental rule of loyalty demanded of an agent to his principal, acting as a fiduciary, as to be intolerable to public policy." *Anderson Cotton Mills v. Royal Manufacturing Co.,* 221 N.C. 500, 510, 20 S.E. 2d 818, 824 (1942). When property is transferred between a fiduciary and his principal fraud does not have to be established by direct evidence, it is presumed. 2 Brandis N.C. Evidence Sec. 225 (1982). After a *prima facie* case of constructive fraud is made out against a fiduciary by evidence showing a course incompatible with his duty, the fiduciary has the burden of showing that he did not take advantage of his principal and acted throughout in a fair, open

and honest manner. *McNeil v. McNeil,* 223 N.C. 178, 25 S.E. 2d 615 (1943); *Smith v. Moore,* 149 N.C. 185, 62 S.E. 892 (1908).

Though the evidence tending to show that the defendants profited from a reduced price that should have been made available to the plaintiffs adds color to the claim, the foregoing principles of law make plain that plaintiffs' right to a jury trial or even a recovery does not depend upon such proof. Under the circumstances of this case the only proof required to raise a jury issue and put the burden on the defendants to show that they acted openly, honestly and in good faith and took no advantage of plaintiffs is that (1) defendants were plaintiffs' agents in looking for a house to buy; (2) plaintiffs told defendants they wanted to buy the Ollison's house; (3) defendants later took title to the house and deeded it to plaintiffs; and (4) defendants did not obtain plaintiffs' informed consent to defendants' purchase from the Ollisons and defendants' sale to plaintiffs; and the facts stated in (1), (2) and (3) above were stipulated to by defendants in the pre-trial order. Nor, under the circumstances, is it decisive that plaintiffs were willing to pay $39,900 for the house if they had to; because defendants were obliged to serve plaintiffs with the utmost fidelity and plaintiffs were entitled to obtain any bargain that became available during such service, if they wanted it. *Carver v. Lykes, supra.*

[2] The evidence being sufficient to support plaintiffs' constructive fraud claim *a fortioti* it is also sufficient to support the unfair or deceptive trade acts or practices claim, since the evidence shows that the other element of the claim, that the practice or act offered commerce, is present. G.S. 75-1.1; *Wilder v. Squires,* 68 N.C. App. 310, 315 S.E. 2d 63, *disc. rev. denied,* 311 N.C. 769, 321 S.E. 2d 158 (1984). Thus, we vacate the judgment and remand the matter to the Superior Court for a new trial on plaintiffs' claims for constructive fraud and unfair trade practices.

Vacated and remanded.

Judges WHICHARD and MARTIN concur.