GOSAI v. ABEERS REALTY & DEV. MKTG., INC.

[166 N.C. App. 625 (2004)]

GUNVANTPURI B. GOSAI AND LATTABEN G. GOSAI, PLAINTIFFS v. ABEERS REALTY
AND DEVELOPMENT MARKETING, INC. D/B/A ABEERS REALTY, INC.; ABEERS
REALTY, INC.; SAMUEL P. SWETT; AND RICHARD E. MATTAR, AS SUBSTITUTE
TRUSTEE, DEFENDANTS

No. COA03-884

(Filed 19 October 2004)

### 1. Real Property— buyer's agents—evidence of agency

There was sufficient evidence to support findings that
defendants Swett and Abeers Realty were dual buyer's agents in
the purchase of land by plaintiffs.

### 2. Fraud— purchase of land—broker secretly selling

The evidence supported findings that defendants Swett and
Abeers Realty (buyer's agents) committed fraud in plaintiffs' pur-
chase of land secretly owned by Swett. A broker can neither pur-
chase from nor sell to the principal unless the latter expressly
consents with full knowledge; moreover, fraud is presumed when
property is transferred between the fiduciary and the principal.

### 3. Damages and Remedies— monetary damages and rescis-sion—return of plaintiff to status quo

The trial court did not err by granting both the remedies of
rescission and damages in an action arising from the fraudulent
sale of land. While plaintiffs must generally elect their remedies,
in this case rescission alone could not return plaintiffs to their
prior position; moreover, they are entitled to the benefit of any
bargain taken by defendants.

### 4. Mortgages and Deeds of Trust— declaring null and void—trustee as active party

The trial court did not err by relying on *Virginia Carolina
Laundry Supply Corporation v. Scott*, 267 N.C. 145, to declare a
deed of trust null and void where the trustee was an active party
to the lawsuit but the known beneficiary was not a party. The rule
remains the same whether the identity of the beneficiary is
known or unknown.

### 5. Unfair Trade Practices— sale of real estate—within com-merce—proof of fraud

A person engaged in the sale of real estate is engaged in com-
merce within the meaning of the Unfair and Deceptive Trade

Practices statute, and proof of fraud establishes that an unfair trade practices violation has taken place.

Appeal by defendants from judgment entered 31 March 2003 by Judge Richard Doughton in Watauga County Superior Court. Heard in the Court of Appeals 31 March 2004.

*Hatch, Little & Bunn, L.L.P., by John N. McClain, Jr. and Phillip L. Whitson, for defendants-appellants.*

*Di Santi Watson Capua & Wilson, by Frank C. Wilson, III, for plaintiffs-appellees.*

ELMORE, Judge.

Samuel P. Swett (defendant Swett) owns and operates Abeers Realty and Marketing, Inc. (Abeers Realty) and is the president and broker in charge. The record evidence tends to show that prior to 25 April 2000, defendant Swett informed Guvantpari B. Gosai (plaintiff) that he had a friend who owned a piece of property located at 151 Parkway Forest Drive, Boone, North Carolina (the property) that was for sale and asked if plaintiff wanted to see the property. In fact, the property had been previously purchased by defendant Swett for $29,000.00 and placed in the name of a third party, John Jordan. Defendant Swett did not reveal his ownership interest in the property to plaintiff. At this point, plaintiff expressed an interest in purchasing the property. Defendant Swett took plaintiff to see the property, which had been condemned. Plaintiff testified that he considered Swett to be acting as his agent. At no time while plaintiff and defendant Swett were at the property or thereafter did Swett inform plaintiff of his ownership interest in the property or the condemnation of the property.

On or about 25 April 2000, defendant Swett prepared an Offer to Purchase and Contract for the property between the third party, or his assigns, and plaintiff and his wife, Lattaben G. Goasi, for a purchase price of $130,000.00. On the face of the contract, defendant Swett and Abeers Realty are designated as dual agents in the property transaction.

On 8 June 2000, John Jordan executed a Warranty Deed transferring the property to Abeers Realty for a purchase price of $30,000.00. At trial, defendant Swett testified that no money was actually paid to John Jordan for the property.

GOSAI v. ABEERS REALTY & DEV. MKTG., INC.

[166 N.C. App. 625 (2004)]

On 19 June 2000, Abeers Realty executed a Warranty Deed transferring the property to plaintiff and his wife for a purchase price of $130,000.00. Plaintiff paid $25,000.00 down on the property and executed a Deed of Trust and Note to Abeers Realty for the balance of the purchase price. Between 19 July 2000 and 14 June 2002, plaintiff paid $17,000.00 in interest on the Note. On 25 July 2002, plaintiff filed suit against defendants seeking rescission of the Deed of Trust and Note and damages for fraud and unfair and deceptive trade practices arising out of defendant Swett's failure to disclose the condemnation of the property and his ownership of the property. On 31 March 2003, following a bench trial before the Honorable Richard Doughton, judgment was entered in favor of plaintiffs, from which defendants now appeal. For the reasons stated herein, we affirm.

[1] Defendants first assign error to the trial court's finding that defendants Swett and Abeers Realty were the plaintiff's agent during the subject transaction. In his role as fact finder, Judge Doughton made the following pertinent finding:

6. On or about April 25, 2000 Samuel P. Swett prepared an Offer to Purchase and Contract for the Property between John Jordan, or assigns as seller and the Plaintiffs as Buyer for a purchase price of $130,000. The Offer to Purchase and Contract shows on its face that Sam Swett and Abeers Realty, Inc. are acting as dual agents. The Court finds that Samuel P. Swett and Abeers Realty, Inc. according to all evidence presented to the Court, were the buyer's agent for the Plaintiffs at all relevant times during this transaction.

"Findings of fact made by the court in a nonjury trial have the force and effect of a jury verdict and are conclusive on appeal if there is evidence to support them, although the evidence might have supported findings to the contrary." *Curl v. Key*, 311 N.C. 259, 260, 316 S.E.2d 272, 273 (1984) (citations omitted). We have carefully reviewed the record and conclude that it contains ample evidence to support the trial court's finding that defendants Swett and Abeers Realty were the buyer's agent for the plaintiff. On its face, the contract designates defendants Swett and Abeers Realty as dual agents. Defendant testified that he had previously acted as buyer's agent for plaintiff in another property transaction. Defendant also testified that he told plaintiff about the property, took plaintiff to the property, and completed the Offer to Purchase at the request of plaintiff. Agency may be proven by written instruments or circumstances. "It may be

inferred from previous employment in similar acts or transactions, or from acts of such nature and so continuous as to furnish a reasonable basis of inference that they were known to the principal, and that he would not have allowed the agent so to act unless authorized." *Smith v. Kappas*, 218 N.C. 758, 766, 12 S.E.2d 693, 698 (1941). As such, this assignment of error is without merit.

[2] Next, defendants assign error to the trial court's conclusion of law that the defendants Swett and Abeer's Realty committed fraud. Our standard of review for this issue is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. "It is well settled in this jurisdiction that when the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Shear v. Stevens Buliding Co.*, 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992).

In the case *sub judice*, the trial court made the following relevant findings of fact:

8. Samuel Swett purchased the Property for $29,000.00 on or about March 22, 2000, and placed the deed in the name of John C. Jordan.

9. At no time prior to the April 25, 2000 Offer to Purchase and Contract did Samuel Swett or any representative of Abeers Realty, Inc. disclose to Plaintiffs that Samuel Swett and not John Jordan, had actually bought the Property for $29,000.00 and was selling it to Plaintiffs for $130,000.00.

10. After the Offer to Purchase and Contract was entered into on April 25, 2000 on June 8, 2000, John Jordan, as Grantor, executed a Warranty Deed for the Property to Abeers Realty, Inc., as Grantee; the deed stamps paid on that deed reflects that the conveyance was for $30,000, but Abeers Realty, Inc. did, in fact not pay anything to John Jordan at that time.

11. That the transaction closed on June 19, 2000 and at that time a Warranty Deed dated June 14, 2000 from Abeers Realty, Inc. as Grantor to the Plaintiffs as Grantees was delivered to the office of Plaintiff's closing attorney; the Plaintiffs saw the Deed at closing and were.aware at that time that Abeers Realty, Inc. was, in fact, the seller.

GOSAI v. ABEERS REALTY & DEV. MKTG., INC.

[166 N.C. App. 625 (2004)]

12. Up and through the closing, Plaintiffs were never told by Samuel P. Swett or any representative of Abeers Realty, Inc. that the said Defendants were going to make a profit of $100,000.00 in this transaction.

13. Plaintiffs paid $25,000.00 down for the Property at closing and executed a Deed of Trust and Note for $105,000 to Abeers Realty, Inc. for the balance of the purchase price.

14. The Court finds by the preponderance of the evidence that Defendant Samuel P. Swett knew that the Property had been condemned because of the falling away of its chimney but did not inform Plaintiffs at any time prior to closing of that material fact.

15. Plaintiff would not have purchased the Property if Samuel Swett had told them that he and/or Abeers Realty, Inc. was making $100,000.00 profit in the transaction or that the Property had been condemned.

As discussed above, these findings are supported by competent evidence in the record and are therefore binding on this Court. Based on the findings, the trial court made the following conclusion of law:

2. In this case, Plaintiffs were principals and Abeers Realty, Inc and Samuel P. Swett were the buyer's agent for the Plaintiffs. In selling property that he owned without disclosing fully everything about it, the Court finds by a preponderance of the evidence, that Samuel P. Swett and Abeers Realty, Inc. have committed fraud and unfair and deceptive trade practices.

A broker can neither purchase from nor sell to the principal unless the latter expressly consents thereto with full knowledge of all the facts and circumstances. *Real Estate Licensing Bd. v. Gallman,* 52 N.C. App. 118, 277 S.E.2d 853 (1981). Moreover, when property is transferred between a fiduciary and his principal fraud does not have to be established by direct evidence, it is presumed. 2 Brandis N.C. Evidence Sec. 225 (1982). "After a *prima facie* case of constructive fraud is made out against a fiduciary by evidence showing a course incompatible with his duty, the fiduciary has the burden of showing that he did not take advantage of his principal and acted throughout in a fair, open and honest manner." *Spence v. Spaulding & Perkins, Ltd.,* 82 N.C. App. 665, 667-68, 347 S.E.2d 864, 866 (1986) (citations omitted). In the case *sub judice,* defendants do not contend that they acted in a fair, open and honest manner. Rather, defendants contend that they had no duty to inform plaintiffs of their ownership interest

in the subject property or profit margin. Because we hold that the trial court properly concluded that defendants were the agent of plaintiff, this contention finds no support in the law. As such, this assignment of error is overruled.

**[3]** Defendants also assign error to the remedies granted by the trial court. Defendants contend that the trial court erred in granting both monetary damages and rescission of the note and deed of trust to the plaintiffs, rather than requiring the plaintiffs to choose a single remedy. Generally, a plaintiff must "elect between [an] action to rescind, and [the] alternative and inconsistent action for damages." *F. E. Lykes & Co. v. Grove*, 201 N.C. 254, 257, 159 S.E. 360, 362 (1931). However, "[t]he rule is, if rescission of the contract does not place the injured party *in statu quo*, as where he has suffered damages which cancellation of the contract cannot repair, there is no principle of law which prevents him from maintaining his action for damages caused by the other party's fraud." *Kee v. Dillingham*, 229 N.C. 262, 265, 49 S.E.2d 510, 512 (1948). In this case and in accordance with the law, the trial court rescinded the note and deed of trust and awarded plaintiffs damages of $117,000.00; $17,000.00 of which represented the amount paid by plaintiffs to defendants in interest on the note and deed of trust and $100,000.00 of which represented the profit made by defendants in the subject transaction. Under the facts of this case, rescission alone could not return plaintiffs to their prior position. Moreover, plaintiffs are entitled to obtain any bargain that became available and was taken by defendants, their agents. *Spence v. Spaulding & Perkins, Ltd.*, 82 N.C. App. 665, 668, 347 S.E.2d 864, 868 (1986). Therefore, this assignment of error is without merit.

**[4]** Defendants also assign error to the trial court's reliance on *Virginia Carolina Laundry Supply Corporation v. Scott*, 267 N.C. 145, 148 S.E.2d 1 (1966), to set aside, satisfy of record and declare null and void the deed of trust when the beneficiary, whose identity was known, was not a party to the lawsuit. In *Virginia Carolina*, our Supreme Court held that where the trustee was a party to the lawsuit and participated actively in its defense, the beneficiary, whose identity was unknown, "cannot be deemed a necessary party to the action to set aside the deed of trust[.]" *Id.* at 150, S.E.2d at 4. Whether the identity of the beneficiary is known or unknown, the rule of law remains the same. In this case, the trial court did not err in relying on *Virginia Carolina* to set aside, satisfy of record and declare null and void the note and deed of trust when the trustee was an active party to the lawsuit.

**[5]** Finally, defendants assign as error the trial court's conclusion that defendants Swett and Abeers Realty committed unfair and deceptive trade practices. Defendants contend that the subject transaction was not "in or affecting commerce." N.C. Gen. Stat. § 75-1.1 (2003) declares unlawful "unfair and deceptive acts or practices in or affecting commerce." This Court has stated that "[t]he purpose of G.S. 75-1.1 is to provide a civil means to maintain ethical standards of dealings between persons engaged in business and the consuming public within this State and applies to dealings between buyers and sellers at all levels of commerce." *United Virginia Bank v. Air-Lift Associates*, 79 N.C. App. 315, 320, 339 S.E.2d 90, 93 (1986). Except for certain limited exemptions set forth in the statute, commerce includes "all business activities, however denominated." N.C. Gen. Stat. § 75-1.1(b) (2003). Specifically, a person engaged "in the sale of real estate is engaged in commerce within the meaning of G.S. 75-1.1." *Rosenthal v. Perkins*, 42 N.C. App. 449, 454, 257 S.E.2d 63, 67 (1979). Moreover, "a plaintiff who proves fraud thereby establishes that unfair and deceptive trade practices have occurred." *Davis v. Sellers*, 115 N.C. App. 1, 9, 443 S.E.2d 879, 884 (1994). The trial court's finding of unfair and deceptive trade practices is well supported by the evidence and was not error.

Affirmed.

Judges McCULLOUGH and BRYANT concur.